```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/20/2022

DENIS DRENI,

                Plaintiff,

-against-

PRINTERON AMERICA CORPORATION,

                Defendant.

1:18-cv-12017-MKV

ORDER ON MOTION *IN LIMINE*

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff/Counterclaim Defendant Denis Dreni ("Plaintiff") moves *in limine* to preclude Defendant/Counterclaim Plaintiff PrinterOn America Corporation ("PrinterOn") from offering on its direct case, or eliciting on cross-examination, certain evidence of Plaintiff's involvement in two prior lawsuits. [ECF No. 124].[1]

## BACKGROUND

    PrinterOn hired Plaintiff in June 2012 and Plaintiff served in a sales role at PrinterOn until his termination from the company in January 2018. (Complaint ("Compl.") [ECF No. 7] ¶¶ 11, 38). On January 11, 2019, Plaintiff initiated this action against PrinterOn asserting claims for, *inter alia*, breach of contract and breach of the implied covenant of good faith and fair dealing, alleging that PrinterOn failed to pay him certain commissions for sales work he performed pursuant to a written Employment Agreement and multiple commission plans. (Compl. ¶¶ 5, 11, 13–15, 24, 41–45, 52–57).[2] Plaintiff alleges that PrinterOn terminated him to

---

[1] In support of his motion, Plaintiff filed a memorandum of law, (Pl. Br. [ECF No. 125]), and the declaration of Nicholas E. Lewis, counsel for Plaintiff, (Lewis Decl. [ECF No. 126]). In opposition to Plaintiff's motion, PrinterOn filed a memorandum of law (Def. Br. [ECF No. 127]). Plaintiff filed a reply. (Pl. Reply [ECF No. 128]).

[2] On September 14, 2020, the Court dismissed Plaintiff's cause of action for violation of New York Labor Law §§ 193 and 198. [*See* ECF No. 88].

avoid paying compensation Plaintiff had already earned or that was "coming due." (Compl. ¶ 54).

Thereafter, PrinterOn filed its Answer and asserted counterclaims against Plaintiff for, *inter alia*, breach of the Employment Agreement, promissory estoppel, and breach of the implied covenant of good faith and fair dealing. (Counterclaims [ECF No. 11] ¶¶ 58–66, 72–76, 87–92). Specifically, PrinterOn alleges that Plaintiff breached the Employment Agreement by maintaining a separate business called Skypoint Advisors, LLC ("Skypoint") and serving as its managing member while still employed at PrinterOn. (Counterclaims ¶¶ 20, 64, 75, 90). PrinterOn alleges that Plaintiff's work for Skypoint violated the "Full Faith and Service" clause under Article 1.4 of the Employment Agreement, which required that Plaintiff "not engage in any other employment or gainful occupation" or "undertake any other business" during his employment with PrinterOn. (Counterclaims ¶ 11).

## LEGAL STANDARDS

The purpose of a motion *in limine* is to enable the trial court to streamline the trial of a case by ruling on specific evidence in advance of the trial. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). Evidence challenged in a motion *in limine* "should only be precluded when it is clearly inadmissible on all possible grounds." *S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 675 (S.D.N.Y. 2013) (quotation omitted). Moreover, "a court's decision on the admissibility of evidence on a motion *in limine* may be subject to change when the case unfolds . . . because the actual evidence changes from that

proffered by the movant." *Wilder v. World of Boxing LLC*, 220 F. Supp. 3d 473, 479 (S.D.N.Y. 2016) (quotation omitted).

## DISCUSSION

By the pending motion, Plaintiff seeks an order excluding evidence of his involvement in two prior lawsuits: the "Skypoint Litigation" and the "Albania Litigation."

### I. Skypoint Litigation

First, Plaintiff seeks, pursuant to Federal Rule of Evidence 404(b)(1), to preclude PrinterOn from eliciting evidence of a lawsuit surrounding an investment by Plaintiff and his wife, through Skypoint Advisors LLC, in a film (the "Skypoint Litigation"). (Pl. Br. 3). Specifically, Plaintiff seeks to preclude PrinterOn from introducing the following evidence from the Skypoint Litigation: (1) Skypoint Advisors, LLC Third Amended Complaint, M.D. Fla.: 18-cv-00356 (Def. Trial Ex. CC); (2) Florida Annual Reports for Skypoint Advisors, LLC, 2017, 2018, 2019 (Def. Trial Ex. DD); and (3) Affidavit of Denis Dreni (Def. Trial Ex. EE). (Pl. Br. 3). Plaintiff contends that this evidence would be prejudicial because it would only serve to suggest a character trait of litigiousness. (Pl. Br. 3).

PrinterOn contends that this evidence is relevant to establish that Plaintiff engaged in other employment while he was also employed at PrinterOn, in breach of the Employment Agreement. (Def. Br. 4–5). In Exhibit CC, the Third Amended Complaint filed in the Skypoint Litigation, Plaintiff identified himself as a member of Skypoint and raised multiple allegations about conduct between Skypoint and others occurring during the time Plaintiff was still employed by PrinterOn. (Ex. CC ¶¶ 1, 16, 18, 20, 28, 53-54). In Exhibit EE, Plaintiff's affidavit filed in the Skypoint Litigation, Plaintiff identified himself as the president of Skypoint. (Ex. EE ¶ 2). Finally, in Exhibit DD, Plaintiff filed Florida Limited Liability Company Annual Reports for Skypoint with the Florida Secretary of State in 2017, 2018, and 2019, which indicate that

Skypoint was still operational at the time Plaintiff worked for PrinterOn, and that Plaintiff identified himself on the filing confirmations as Skypoint's member in 2017, trustee in 2018, and chairman in 2019.  (*See* Ex. DD).

Plaintiff contests the relevance of this evidence, but nonetheless contends that these facts may be elicited as testimony or otherwise stipulated so as to screen from the jury Plaintiff's involvement in the Skypoint Litigation.  (Pl. Reply 5).  Indeed, Plaintiff contends that he was willing to discuss with PrinterOn potential stipulations in lieu of introducing evidence of the Skypoint Litigation, but that PrinterOn was not willing to engage in such discussions.  (Pl. Reply 5).

Rule 404(b)(1) prohibits the admission of evidence of "a crime, wrong, or other act" to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  The Second Circuit has explained that "[l]itigiousness is the sort of character trait with which Rule 404(b) is concerned." *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988) ("[A] plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant."); *see also Raysor v. Port Authority of New York and New Jersey*, 768 F.2d 34, 40 (2d Cir. 1985).  Nonetheless, "evidence of a party's prior litigation, including testimony and statements made in the course of a former case, may be admitted so long as it is relevant and probative of an issue in the present case—and particularly if the evidence is inconsistent with the party's current position." *Barnes v. Long Island R.R.*, 205 F.3d 1321 (2d Cir. 2000) (unpublished).

As a preliminary matter, the publicly filed Florida Limited Liability Company Annual Reports for Skypoint would not themselves suggest a character trait of litigiousness.  These reports are probative of whether Plaintiff engaged in other employment while he was also

4

employed at PrinterOn, in breach of the Employment Agreement. Accordingly, Plaintiff's *in limine* motion with respect to these reports is denied.

However, with respect to the Third Amended Complaint and Plaintiff's affidavit filed in the Skypoint Litigation, the Court agrees with Plaintiff that PrinterOn could elicit facts that could be established by this evidence instead through a stipulation or by eliciting evidence through testimony or other documentary evidence. Such evidence would have the same probative force but would obviate the risk of unfair prejudice inherent in portraying Plaintiff as a serial litigant. In considering evidence of prior acts, the Court must consider other evidence with equal or greater probative force, but with a lesser risk of unfair prejudice. *See Old Chief v. United States*, 519 U.S. 172, 182–83 (1997). Of course, should Plaintiff refuse to stipulate to any facts that could be established by this evidence or otherwise contest these facts at trial, he may open the door to the use of this evidence either for impeachment purposes or to establish an element of PrinterOn's claim. Accordingly, the Court denies the *in limine* motion without prejudice subject to renewal should Plaintiff refuse to stipulate to facts that could be established by this evidence and reserves decision on the admission of this evidence until trial.

**II.    Albania Litigation**

Plaintiff also seeks to preclude evidence of his involvement from 2010 to 2013 in an employment suit for unpaid wages against another company, ASC LLC, in Albania (the "Albania Litigation"). (Pl. Br. 3). Specifically, Plaintiff seeks to preclude PrinterOn from introducing an Albanian Appellate Court decision in favor of Plaintiff (Def. Ex. FF). Plaintiff charges that this evidence similarly would be prejudicial because it would only serve to suggest a character trait of litigiousness. (Pl. Br. 3–4).

PrinterOn contends that this evidence "show[s] Plaintiff had a motive and plan to bring a similar lawsuit against PrinterOn because he had already succeeded once on identical grounds in

the ASC lawsuit." (Def. Br. 7). Such evidence would appear to be completely irrelevant. Even if established that Plaintiff had previously prevailed in a similar suit he initiated in the past against another company, that fact would have no relevance in deciding any claims in this action. *See* Fed. R. Evid. 401(b). To the extent that PrinterOn may be alleging that this prior lawsuit evinces "a fraudulent pattern," PrinterOn has put forth no evidence that Plaintiff's prior suit in Albania was fraudulent. *See Outley*, 837 F.2d at 594 (excluding evidence of prior lawsuits but noting a distinction "where a party has filed a series of fraudulent lawsuits and there is substantial evidence that the prior lawsuits amounted to a fraudulent pattern"); *Orr v. Shea*, No. 3:17-CV-00788 (VAB), 2021 WL 1946381, at *5 (D. Conn. May 14, 2021) ("[C]ourts in this Circuit have generally precluded evidence of prior lawsuits to show the plaintiff's litigiousness unless there was evidence that the prior lawsuits were fraudulently filed." (internal quotation marks and citations omitted)). The Court can see no other relevant purpose for this evidence, and certainly no purpose that would satisfy Rule 403 balancing. Moreover, admitting this evidence would open an entire collateral issue with respect to the nature of the Albania Litigation, the allegations and defenses in that action, and the governing law at issue in that case. Putting this evidence before the jury would only serve to cause confusion and waste time. Accordingly, Plaintiff's *in limine* motion to exclude evidence of his involvement in the Albania Litigation is granted.

## CONCLUSION

The Court agrees with Plaintiff that evidence of his involvement in the Skypoint Litigation may not be necessary should the parties stipulate to the relevant facts regarding Plaintiff's alleged employment at Skypoint or should PrinterOn be able to elicit those facts through other evidence. Nonetheless, because this evidence may be used to impeach Plaintiff or his evidence, the Court finds that, at this stage, this evidence is not "clearly inadmissible on all

possible grounds." *Tourre*, 950 F. Supp. 2d at 675. The Court will therefore reserve decision on the admission of this evidence until trial. With respect to the publicly filed Florida Limited Liability Company Annual Reports for Skypoint, that evidence appears to be relevant to PrinterOn's claims and therefore, will not be excluded. With respect to Plaintiff's *in limine* motion to exclude evidence of his involvement in the Albania Litigation, PrinterOn has not provided the Court with any proper purpose for which to introduce this evidence. Accordingly, that evidence will be excluded.

Accordingly, Plaintiff's motion *in limine* is GRANTED IN PART to the extent he seeks to preclude evidence of his involvement in the Albania Litigation, DENIED IN PART without prejudice to the extent he seeks to preclude evidence of his involvement in the Skypoint Litigation, and DENIED IN PART to the extent he seeks to preclude as evidence the Florida Limited Liability Company Annual Reports for Skypoint.

The Clerk of Court is respectfully requested to close docket entry 124.

**SO ORDERED.**

Date: **July 20, 2022**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**