UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

DENIS DRENI,                                                     :
                                                                :    Civil Action No. 1:18-cv-12017-MKV
            Plaintiff,                                          :
                                                                :
      vs.                                                       :
                                                                :
PRINTERON AMERICA CORPORATION,          :
                                                                :
            Defendant.                                         :
                                                                :
                                                                :

-----------------------------------------------------------------

### <u>JOINT PROPOSED JURY INSTRUCTIONS</u>

Plaintiff and Counterclaim Defendant Denis Dreni ("Plaintiff") and Defendant and Counterclaim Plaintiff PrinterOn America Corporation ("Defendant"), by and through the undersigned counsel, hereby respectfully re-submit the following proposed joint jury instructions for trial. Each party reserves the right to modify, amend, and/or supplement these proposed jury instructions.

| | |
|---|---|
| NESENOFF & MILTENBERG LLP | FAEGRE DRINKER BIDDLE & REATH LLP |
| By: */s/ Nicholas E. Lewis* | By: */s/ Tracey Salmon-Smith* |
| Nicholas E. Lewis, Esq. | Tracey Salmon-Smith, Esq. |
| 363 Seventh Avenue, 5th Floor | 1177 Avenue of the Americas, 41st Floor |
| New York, New York 10001-3904 | New York, New York 10036-2714 |
| Tel: (212) 736-4500 | Tel: (212) 248-3254 |
| Fax: (212) 736-2260 | Fax: (212) 248-3141 |
| nlewis@nmllplaw.com | tracey.salmonsmith@faegredrinker.com |
| *Attorney for Plaintiff Denis Dreni* | *Attorney for Defendant PrinterOn America Corporation* |

**TABLE OF CONTENTS**

Page

**GENERAL**

INSTRUCTION NO. 1 GENERAL – INTRODUCTION .................................................... 1

INSTRUCTION NO. 2 GENERAL – FUNCTION OF THE JURY ........................................... 2

INSTRUCTION NO. 3 GENERAL – FAIR JURIES .................................................. 3

INSTRUCTION NO. 4 GENERAL – AVOIDING IMPLICIT AND CONSCIOUS BIAS......... 4

INSTRUCTION NO. 5 GENERAL – DISCUSSION AMONG JURORS AND INDEPENDENT RESEARCH ................................................................................. 5

**EVIDENCE**

INSTRUCTION NO. 6 EVIDENCE – REVIEW OF EVIDENTIARY PRINCIPLES ............... 7

INSTRUCTION NO. 7 EVIDENCE – BURDEN OF PROOF – GENERALLY ....................... 9

INSTRUCTION NO. 8 EVIDENCE – RIGHT TO RETURN TO COURTROOM.................... 11

INSTRUCTION NO. 9 EVIDENCE – CONSIDERING TESTIMONY AND EXHIBITS ....... 12

INSTRUCTION NO. 10 EVIDENCE – PROFESSIONAL EXPERTISE OF JURORS............ 13

INSTRUCTION NO. 11 EVIDENCE – WEIGHING TESTIMONY ....................................... 14

INSTRUCTION NO. 12 EVIDENCE – NOTE TAKING .................................................. 15

INSTRUCTION NO. 13 EVIDENCE – INTERESTED WITNESSES .................................... 16

INSTRUCTION NO. 14 EVIDENCE – FUNCTION OF JURY .............................................. 17

**PLAINTIFF'S CLAIMS**

INSTRUCTION NO. 15 BREACH OF CONTRACT (EMPLOYMENT AGREEMENTS) .................................................................................................... 18

INSTRUCTION NO. 16 BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING.................................................................................................. 20

INSTRUCTION NO. 17 DAMAGES ................................................................... 23

**DEFENDANT'S AFFIRMATIVE DEFENSES**

INSTRUCTION NO. 18 AFFIRMATIVE DEFENSES – GENERALLY ............................... 25

INSTRUCTION NO. 19 AFFIRMATIVE DEFENSE – RELEASE OF CLAIMS................... 26

INSTRUCTION NO. 20 AFFIRMATIVE DEFENSE – ACCORD AND SATISFACTION .................................................................................................. 28

INSTRUCTION NO. 21 AFFIRMATIVE DEFENSE – BREACH OF CONTRACT.............. 29

INSTRUCTION NO. 22 AFFIRMATIVE DEFENSE – MITIGATION................................. 30

**DEFENDANT'S COUNTERCLAIMS**

**TABLE OF CONTENTS**
(continued)

**Page**

INSTRUCTION NO. 23 COUNTERCLAIM – CONVERSION.................................................. 31

INSTRUCTION NO. 24 COUNTERCLAIM – REPLEVIN ..................................................... 32

INSTRUCTION NO. 25 COUNTERCLAIM – BREACH OF CONTRACT
(EMPLOYMENT AGREEMENT) ....................................................................................... 34

INSTRUCTION NO. 26 COUNTERCLAIM – BREACH OF CONTRACT
(EMPLOYMENT AGREEMENT) – DAMAGES................................................................... 36

INSTRUCTION NO. 27 COUNTERCLAIM – BREACH OF CONTRACT
(PROPRIETARY INFORMATION AGREEMENT).............................................................. 38

INSTRUCTION NO. 28 COUNTERCLAIM – BREACH OF CONTRACT
(PROPRIETARY INFORMATION AGREEMENT) – DAMAGES ........................................ 40

INSTRUCTION NO. 29 COUNTERCLAIM – PROMISSORY ESTOPPEL .......................... 41

INSTRUCTION NO. 30 COUNTERCLAIM – UNJUST ENRICHMENT .............................. 44

INSTRUCTION NO. 31 COUNTERCLAIM – QUANTUM MERUIT.................................... 46

INSTRUCTION NO. 32 COUNTERCLAIM – BREACH OF GOOD FAITH AND FAIR
DEALING........................................................................................................................... 48

**PLAINTIFF'S AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

INSTRUCTION NO. 33 AFFIRMATIVE DEFENSES TO COUNTERCLAIMS –
GENERALLY...................................................................................................................... 51

INSTRUCTION NO. 34 AFFIRMATIVE DEFENSE TO COUNTERCLAIMS – NO
RELEASE............................................................................................................................ 52

INSTRUCTION NO. 35 AFFIRMATIVE DEFENSE TO COUNTERCLAIMS – NO
ABANDONMENT ............................................................................................................... 53

INSTRUCTION NO. 36 AFFIRMATIVE DEFENSE TO COUNTERCLAIMS –
RELEASE OF CLAIMS....................................................................................................... 54

INSTRUCTION NO. 37 ...................................................................................................... 55

INSTRUCTION NO. 38 AFFIRMATIVE DEFENSE TO COUNTERCLAIMS –
MITIGATION..................................................................................................................... 56

-1-

**INSTRUCTION NO. 1**
**GENERAL – INTRODUCTION**

Members of the jury, we now come to that portion of the trial when you are instructed on

the law that applies to the case, after which you will retire for your deliberations. You have heard

and seen all the evidence introduced by the parties and through arguments of their attorneys you

have learned the conclusions each party believes should be drawn from the admitted evidence.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
             Committee on Pattern Jury Instructions Association of Supreme Court Justices
             PJI 1:20 Introduction

**INSTRUCTION NO. 2**
**GENERAL – FUNCTION OF THE JURY**

As jurors, your duty is to decide, from all the testimony that you have heard and the exhibits that have been admitted into evidence, what the facts are. You are the sole and exclusive judge of the facts. Neither I nor anyone else can take over your responsibility to decide the facts of this case, which you will do by the answers you provide on the verdict sheet. As sole judges of the facts, you must decide which of the witnesses you believe, what portion of their testimony you accept, and what weight you give to it.

Authority:     New York Pattern Jury Instructions – Civil (December 2021 Update)
               Committee on Pattern Jury Instructions Association of Supreme Court Justices
               PJI 1:28 Jury Function

**INSTRUCTION NO. 3**
**GENERAL – FAIR JURIES**

In reaching your verdict you are not to be affected by sympathy for any of the parties, what the reaction of the parties or of the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom. Your verdict will be determined by the conclusion(s) you reach, no matter whom the verdict helps or hurts.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
              Committee on Pattern Jury Instructions Association of Supreme Court Justices
              PJI 1:27 Exclude Sympathy

**<u>INSTRUCTION NO. 4</u>**
**<u>GENERAL – AVOIDING IMPLICIT AND CONSCIOUS BIAS</u>**

As a fair and impartial juror you must guard against the application of any stereotypes or attitudes about people or groups that might lead you to render a biased decision based on those stereotypes or attitudes. Keep in mind that bias, based upon stereotypes or attitudes, is not always obvious or conscious. In assessing the testimony and other evidence in the case, you must not be swayed by those stereotypes or attitudes.

Authority:   New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 1:27A Fair Juror and Absence of Implicit or Conscious Bias

**INSTRUCTION NO. 5**
**GENERAL – DISCUSSION AMONG JURORS AND INDEPENDENT RESEARCH**

In fairness to the parties to this lawsuit, it is very important for you to keep an open mind throughout the trial. You must reach your decision(s) and verdict on the evidence only as it is admitted during this trial, and then only after you have heard the summations of the attorneys and my instructions to you on the law. Then you will exchange your views and opinions with other members of the jury to reach your decision(s) and verdict. While it is human nature for you to form tentative opinions about the witnesses, testimony and other evidence as the trial progresses, and there is a strong temptation to discuss those opinions during the course of the trial, the law does not permit it. The reason for this is that if you engage in premature discussions, without the benefit of all the evidence, the summations by the lawyers, and my final instructions on the law, your discussions will not be fully informed. That would be unfair to the parties. For this reason, among others, do not do any independent research on any topic you might hear about in this case, whether by consulting others, reading any material or conducting internet searches of any kind. Some of the topics you are not to discuss or research are the law or any of the issues in the case. You also must not discuss or do research about the parties, the lawyers, the witnesses, or me. After you have rendered your verdict and have been discharged, you will be free to do any research you choose, or to share your experiences. Remember these rules while you are serving as a juror, whether in the courtroom or elsewhere, including whenever you use a computer or other personal electronic device. It is vital that you carefully follow these directions. The law requires that you consider only the testimony and other evidence admitted at this trial. Not only does our law mandate it, but the parties depend on you to fairly and impartially consider only the admitted evidence. To do otherwise, by allowing outside information, which may be incomplete, inaccurate, or otherwise unreliable, to affect your judgment, would be unfair and prejudicial to the parties and could require

5

a re-trial of this case. All cell phones, smartphones, laptops, tablets or any other personal electronic

devices must be turned off while you are in the courtroom and while you are deliberating.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
              Committee on Pattern Jury Instructions Association of Supreme Court Justices
              PJI 1:11 Discussion Among Jurors – Keep an Open Mind – Independent Research

**INSTRUCTION NO. 6**
**EVIDENCE – REVIEW OF EVIDENTIARY PRINCIPLES**

You will recall that at the beginning of the trial I stated certain principles. Briefly, they were that you are bound to accept the rules of law as I give them to you whether or not you agree with them. You are not to ask anyone else about the law. You must not consider or accept any advice about the law from anyone other than me.

During this trial, I have ruled on the admission of evidence and on motions made with respect to the applicable law. You must not conclude from any ruling I have made, any questions I might have asked or anything I have said that I favor any party to this lawsuit.

Your view of the evidence and your decision(s) on the issue(s) of fact will decide this case. During the trial, I may have sustained objections to questions without allowing the witness to answer or where an answer was made, instructed that it be removed or stricken from the record, and that you disregard it and dismiss it from your minds. In reaching your decision(s), you may not draw any inference or conclusion from an unanswered question, nor may you consider testimony that has been removed or stricken from the record. The law requires that your decision(s) be made solely on the admitted evidence. Anything I excluded from your consideration was excluded because it was not legally admissible.

In deciding how much weight, if any you choose to give to the testimony of any particular witness, there is no magical formula that can be used. The tests used in your everyday affairs to decide the reliability or unreliability of statements made to you by others are the tests you will apply in your deliberations. In deciding how much weight, if any, to give to a witness' testimony, you may consider the interest or lack of interest of that witness in the outcome of this case, the bias or prejudice of the witness, if there be any, the age, the appearance, the manner in which the witness gave testimony on the stand, the opportunity and ability the witness had to observe the

7

facts about which he or she testified, and the probability or improbability of the witness' testimony when considered in the light of all the other evidence in the case. If it appears there is a conflict in the evidence, you will have to consider whether and to what extent the apparent conflict can be reconciled by fitting the different versions together; otherwise, you will have to decide which of the conflicting versions, if any, you will accept.

By the processes I have just described and any further instructions I may give, you, as the sole judges of the facts, decide which of the witnesses you believe, what portion of their testimony you accept and what weight you give to it.

Authority:     New York Pattern Jury Instructions – Civil (December 2021 Update)
               Committee on Pattern Jury Instructions Association of Supreme Court Justices
               PJI 1:21 Review Principles Stated

**<u>INSTRUCTION NO. 7</u>**
**<u>EVIDENCE – BURDEN OF PROOF – GENERALLY</u>**

To say that a party has the burden of proof on a particular issue means that, considering all the evidence in the case, the party's claim on that issue must be established by a fair preponderance of the credible evidence. The credible evidence means the testimony or exhibits that you find worthy of belief. A preponderance means the greater part of the evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase preponderance of the evidence refers to the quality of the evidence, its weight, and the effect that it has on your minds. In order for a party to prevail on an issue on which he or she has the burden of proof, the evidence that supports his or her claim on that issue must appeal to you as more nearly representing what happened than the evidence opposed to it. If it does not or if it weighs so evenly that you are unable to say that there is a preponderance on either side, you must decide the question against the party who has the burden of proof and in favor of the opposing party.

In this case, Plaintiff Dreni claims that he is owed certain commissions allegedly owed pursuant to his Employment Agreement with Defendant PrinterOn. Defendant PrinterOn denies Plaintiff Dreni's allegations and asserts multiple affirmative defenses and counterclaims including that Plaintiff Dreni breached his Employment Agreement with respect to Skypoint Advisors and Plaintiff Dreni agreed to release all claims against Defendant PrinterOn. Plaintiff Dreni has the burden of proving that Defendant PrinterOn breached the Employment Agreement and failed to pay owed commissions. Defendant PrinterOn has the burden of proving its counterclaims and affirmative defenses including that Plaintiff Dreni breached the Employment Agreement with respect to Skypoint Advisors and released all claims against Defendant PrinterOn by accepting a severance payment.

Authority:     New York Pattern Jury Instructions – Civil (December 2021 Update)

Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 1:60 General Instructions – Burden of Proof – When Burden Differs on
Different Issues

**INSTRUCTION NO. 8**
**EVIDENCE – RIGHT TO RETURN TO COURTROOM**

If during your deliberations, your recollection of any part of the testimony should fail, or

if you have any question about my instructions to you on the law, then you have the right to return

to the courtroom for the purpose of having the testimony read to you or your question addressed.

Authority:      New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 1:24 Return to Courtroom

**INSTRUCTION NO. 9**
**EVIDENCE – CONSIDERING TESTIMONY AND EXHIBITS**

In deciding this case, you may consider only the exhibits that were admitted in evidence and the testimony of the witnesses as you have heard it in this courtroom. However, arguments, remarks, and summation(s) of the attorneys are not evidence, nor is anything I now say or may have said with regard to the facts, evidence. As I instructed you previously, it is important to remember that you may not use any internet services or social media, including for example, Google, Facebook, Twitter, LinkedIn, Instagram or TikTok or other media platforms, to discuss or give or get information about the case or its participants or to research topics concerning the trial. Electronic devices including any cell phones, smartphones, laptops or any other personal electronic devices must be turned off while you are deliberating. Allowing outside information which may be incomplete, inaccurate, or otherwise unreliable to affect your judgment is unfair and prejudicial to the parties and could require this case to be retried.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 1:25 Consider Only Testimony and Exhibits

**INSTRUCTION NO. 10**
**EVIDENCE – PROFESSIONAL EXPERTISE OF JURORS**

Although as jurors you are encouraged to use all of your life experiences in analyzing testimony and other evidence and reaching a fair verdict, you may not communicate any professional expertise you might have or other facts not in evidence to the other jurors. You must base your discussions and decisions solely on the evidence admitted during the trial and that evidence alone.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 1:25A Juror's Use of Professional Expertise

**INSTRUCTION NO. 11**
**EVIDENCE – WEIGHING TESTIMONY**

The law does not require you to accept all the evidence I will admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight, if any, you choose to give to that testimony. The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness' recollection is faulty, or because the witness has not expressed himself or herself clearly. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all the experience and background of your lives. In your everyday affairs, you decide for yourselves the reliability or unreliability of things people tell you. The same tests you use in your everyday dealings are the tests you should apply in your deliberations. In deciding how much weight, if any, you will give to a witness' testimony, you may consider the interest or lack of interest of that witness in the outcome of this case, the bias or prejudice of the witness, if there be any, the age, the appearance, the manner in which the witness gives testimony on the stand, the opportunity and ability the witness had to observe the facts about which he or she testifies, and the probability or improbability of the witness' testimony when considered in light of all the other evidence in the case. If it appears there is a conflict in the evidence, you should decide whether and to what extent the apparent conflict can be reconciled by fitting the different versions together. If you cannot do so, you will have to decide which of the conflicting versions you will accept, if any.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
              Committee on Pattern Jury Instructions Association of Supreme Court Justices
              PJI 1:8 Weighing Testimony

14

**INSTRUCTION NO. 12**
**EVIDENCE – NOTE TAKING**

You will recall that I previously permitted you to take notes during the trail and that I gave you instructions about note-taking. Now that you are about to begin deliberations, I want to remind you about those instructions. Whether you have taken notes, or not, you should be aware that the court reporter has recorded everything that was stated in this courtroom. At your request, any portion of the transcript will be read back to you. If you took notes during the trial, you will be allowed to take those notes into the jury room with you. I want to stress, however, that those notes are only for your personal use and are simply an aid to your memory. Because the notes may be inaccurate or incomplete, they may not be given any greater weight than your independent recollection. Similarly, because the notes may be inaccurate or incomplete, they may not be given any greater weight or influence than the recollection of other jurors about the facts or the conclusions to be drawn from the facts in determining the outcome of the case. Those of you who have not taken notes should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has taken notes. Any difference between any juror's recollection and any juror's notes should always be settled by asking to have the court reporter's transcript on the point read back to you. The court transcript should govern your deliberations rather than a juror's notes. A juror's notes are not a substitute for the official record or the governing principles of law that I gave you during the trial and am now giving to you. Your notes are confidential and will be collected and destroyed once you have rendered your verdict.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 1:25B Juror Note Taking

15

**INSTRUCTION NO. 13**
**EVIDENCE – INTERESTED WITNESSES**

An interested witness is not necessarily less believable than a disinterested witness. The fact that he or she is interested in the outcome of the case does not mean that he or she has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by his or her interest. You may reject the testimony if, after careful consideration of all the evidence in the case, including the cross-examination of the witness, you decide you do not believe the testimony or you find it is not reliable. On the other hand, you are not required to reject the testimony of such a witness and may accept all or such part of his or her testimony as you find believable and reliable and reject such part as you find unworthy of acceptance. The testimony is entitled to such weight as you decide it is worth.

Authority:      New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 1:25C General Instruction – Interested Witness – Generally

16

**INSTRUCTION NO. 14**
**EVIDENCE – FUNCTION OF JURY**

As jurors, your duty is to decide from all the testimony that you have heard and the exhibits that have been admitted into evidence, what the facts are. You are the sole and exclusive judges of the facts. Neither I nor anyone else can take over your responsibility to decide the facts of this case, which you will do by the answers you provide on the verdict sheet. As sole judges of the facts, you must decide which of the witnesses you believe, what portion of their testimony you accept, and what weight you give to it.

Authority:   New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 1:28 Jury Function

17

**INSTRUCTION NO. 15**
**BREACH OF CONTRACT (EMPLOYMENT AGREEMENTS)**

As you have heard, Plaintiff Dreni seeks to recover damages for breach of contract. Plaintiff Dreni claims that his Employment Agreement with Defendant PrinterOn required that Defendant PrinterOn pay certain commissions on specified accounts and revenue received by Defendant PrinterOn, that Plaintiff Dreni did what he was required to under the Employment Agreement, and that Defendant PrinterOn breached the contract by failing to pay those commissions and bonuses. Defendant PrinterOn claims that Plaintiff Dreni was not entitled to those commissions or bonuses, that it paid all commissions due during the period of employment and at the time of Plaintiff Dreni's separation, and that Plaintiff Dreni agreed to a full release of claims by accepting severance payment.

Plaintiff Dreni has the burden of proving, by a preponderance of the evidence, that his Employment Agreement with Defendant PrinterOn required Defendant PrinterOn to pay the commissions and bonuses Plaintiff Dreni claims were due during the period of employment and at the time of separation, that Defendant PrinterOn breached the contract by not doing what it was required to do under the contract regarding payment of commissions and bonuses and that Plaintiff Dreni sustained damages because of Defendant PrinterOn's breach. If you decide that Plaintiff Dreni's Employment Agreement with Defendant PrinterOn required Defendant PrinterOn to pay the commissions and bonuses Plaintiff Dreni alleges were due, Plaintiff Dreni did what he was required to do under the Employment Agreement, and that Defendant PrinterOn breached the Employment Agreement by failing to pay those commissions and bonuses, you will find for Plaintiff Dreni on his breach of contract claim and you will go on to consider Plaintiff Dreni's damages. If you decide that no commission or bonuses were due beyond those paid out by Defendant PrinterOn and Defendant PrinterOn did not breach the contract, you will find for

18

Defendant PrinterOn.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 4:1 Contracts – Elements

**INSTRUCTION NO. 16**
**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

As you have heard, the Plaintiff Dreni also seeks to recover damages for breach of the covenant of good faith and fair dealing. Within every contract is an implied covenant of good faith and fair dealing. The implied covenant embraces a pledge that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. The covenant of good faith and fair dealing is breached when a party acts in a manner that deprives the other party of the benefits of the agreement. Where the contract contemplates the exercise of discretion, the implied covenant includes a promise not to act arbitrarily, irrationally or in bad faith in exercising that discretion. To establish a breach of the implied covenant, Plaintiff Dreni must allege facts that tend to show that the Defendant PrinterOn sought to prevent performance of the contract or to withhold its benefits from Plaintiff Dreni.

Plaintiff Dreni claims that his Employment Agreement with Defendant PrinterOn required Defendant PrinterOn to pay certain commissions on specified accounts and revenue received by Defendant PrinterOn, that Plaintiff Dreni did what he was required to do under the Employment Agreement, and that Defendant PrinterOn breached the covenant of good faith and fair dealing by seeking to prevent Plaintiff Dreni from his performance of the contract to earn the maximum amount of commissions possible during his employment with Defendant PrinterOn.

Defendant PrinterOn claims that it acted in good faith and dealt with Plaintiff Dreni fairly, and, further, that Defendant PrinterOn did not seek to prevent Plaintiff Dreni from performing the contract or limit the amount of commissions he was entitled to earn during his employment with Defendant PrinterOn.

Plaintiff Dreni has the burden of proving, by a preponderance of the evidence, that his Employment Agreement with Defendant PrinterOn required Defendant PrinterOn to pay Plaintiff

20

Dreni the commissions on specified accounts and revenue received by Defendant PrinterOn, that Defendant PrinterOn breached the covenant of good faith and fair dealing by seeking to prevent Plaintiff Dreni from his performance of the contract to earn the maximum amount of commissions possible during his employment with Defendant PrinterOn, and that Plaintiff Dreni sustained damages because of Defendant PrinterOn's breach.

If you decide that Plaintiff Dreni's Employment Agreement with Defendant PrinterOn required Defendant PrinterOn to pay Plaintiff Dreni the commissions on specified accounts and revenue received by Defendant PrinterOn under the Employment Agreement, and that Defendant PrinterOn breached the covenant of good faith and fair dealing by seeking to prevent Plaintiff Dreni from his performance of the contract to earn the maximum amount of commissions possible during his employment with Defendant PrinterOn, then you will find for Plaintiff Dreni on his breach of the covenant of good faith and fair dealing claim, and you will go on to consider Plaintiff Dreni's damages.

If you decide that Defendant PrinterOn did not seek to prevent Plaintiff Dreni from his performance of the contract to earn the maximum amount of commissions possible and Defendant PrinterOn did not breach the covenant of good faith and fair dealing, you will find for Defendant PrinterOn.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 4:1 Contracts – Elements; Comment Section Z: Implied Covenant of Good
Faith and Fair Dealing

*511 West 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 746
N.Y.S.2d 131, 773 N.E.2d 496 (2002)
*Paramax Corp. v. VoIP Supply, LLC*, 175 A.D.3d 939, 107 N.Y.S.3d 231 (4th
Dept. 2019)
*6243 Jericho Realty Corp. v. AutoZone, Inc.*, 71 A.D.3d 983, 898 N.Y.S.2d 171
(2d Dept. 2010)
*Dalton v. Educational Testing Serv.*, 87 N.Y.2d 384, 639 N.Y.S.2d 977, 663

21

N.E.2d 289 (1995)

*Aventine Inv. Management, Inc. v. Canadian Imperial Bank of Commerce*, 265 A.D.2d 513, 697 N.Y.S.2d 128 (2d Dept. 1999)

## INSTRUCTION NO. 17
## DAMAGES

My charge to you on the law of damages must not be taken as an indication that you should find for the plaintiff. You will decide on the evidence presented and the rules of law that I have given you whether the plaintiff is entitled to recover from the defendant. Only if you decide that there has been a breach of the employment contract will you consider the measure of damages.

Generally, when there has been a breach of an employment contract, the employee is entitled to recover the amount of salary and other benefits that he would have received under the contract, less certain deductions that I shall outline for you in a moment.

Here, Plaintiff Dreni alleges that Defendant PrinterOn breached the Employment Agreement by not paying certain commissions and bonuses allegedly due both during his period of employment and at the time of separation. There is no dispute that Plaintiff Dreni's employment ended on January 4, 2018. Under the terms of the Employment Agreement, Plaintiff Dreni contends he is owed compensatory damages as follows:

In addition to an annual base salary, Plaintiff Dreni alleges he was entitled to receive commissions for revenue he generated from his assigned accounts (the "annual personal target number") and revenue the company received, in general (the "annual company number"). As per the Employment Agreement, Plaintiff Dreni's commissions were calculated using a tiered, escalating rate, in which the commission rate was increased as Plaintiff Dreni, and the company, reached certain milestones based on revenue generated. Plaintiff Dreni alleges he is owed money for commissions that were improperly omitted from both Plaintiff Dreni's annual personal target number, and the annual company number. Plaintiff Dreni further contends that certain commissions were improperly delayed from inclusion in his annual personal target number, and the annual company number, specifically to prevent triggering the next tiered milestone in order

23

to avoid paying Plaintiff Dreni the higher commission rates enumerated in the Employment Agreement. Defendant PrinterOn claims it paid Plaintiff Dreni the appropriate commissions and bonuses at the appropriate rates and the appropriate time.

Plaintiff Dreni seeks as damages (1) the unpaid commissions that were improperly withheld from his annual personal target number and the annual company number, and (2) the difference between the higher commission rates (that should have been paid if the commissions were not improperly delayed) and the lower commission rates that were improperly applied to certain commissions, as well as (3) unpaid bonuses that were earned and assigned to Plaintiff Dreni but never paid.

Authority:      New York Pattern Jury Instructions – Civil (December 2021 Update)
                Committee on Pattern Jury Instructions Association of Supreme Court Justices
                PJI 4:20 Contracts – Damages – Generally
                PJI 4:21 Contracts – Breach of Employment Contract and Damages

## INSTRUCTION NO. 18
## AFFIRMATIVE DEFENSES – GENERALLY

Defendant PrinterOn also asserts what are called "affirmative defenses." If a party proves any of these defenses as to the other party's claims, then that claim must fail.

Authority:    No citation

25

## INSTRUCTION NO. 19
## AFFIRMATIVE DEFENSE – RELEASE OF CLAIMS

Defendant PrinterOn alleges as a defense that after his termination, in consideration of the payment to the Plaintiff Dreni in the sum of $155,769.23 (before tax withholdings), Plaintiff Dreni released and discharged Defendant PrinterOn from all claims and demands Plaintiff Dreni then had, or might later have, on account of any and all injuries, including any injuries that might develop later as well as those then apparent, which may have been sustained by Plaintiff Dreni at the time of discharge in this case.

Defendant PrinterOn contends that by accepting the payment in the sum of $155,769.23 (before tax withholdings) without objection, Plaintiff Dreni agreed to the aforementioned release of claims.

Plaintiff Dreni contends he did not release any claims because the severance payment which was deposited directly into his account was less than what Plaintiff Dreni was owed under the Employment Agreement as payment of any applicable outstanding commissions were also due on the date of termination, and, as such, he did not execute a release before or after the lump sum payment was deposited directly into his account.

Plaintiff Dreni contends a waiver of a contractual provision requiring the knowing, voluntary and intentional abandonment of a known right, and Defendant PrinterOn's deposit into his account was not an affirmative, voluntary or intentional abandonment by Plaintiff Dreni.

When you retire to deliberate on your verdict, I suggest you first consider the issue as to the validity of the release. If you should find from a preponderance of the evidence that the acceptance of payment in the sum of $155,769.23 (before tax withholdings) did not constitute acceptance of the release of claims, then you should disregard the release as if Plaintiff Dreni had never agreed to it. On the other hand, if you should find the Plaintiff Dreni has not met his burden

of overcoming the release, you need not decide any of the other issues in this case, but may return

your verdict in favor of Defendant PrinterOn.

Authority:     Federal Jury Practice and Instructions (August 2021 Update)
               Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee
               Section 107.02 – Release of all claims by plaintiff – Avoidance Of

27

**INSTRUCTION NO. 20**
**AFFIRMATIVE DEFENSE – ACCORD AND SATISFACTION**

Defendant PrinterOn contends the payments by Defendant PrinterOn and acceptance by Plaintiff Dreni shows the parties reached an accord and satisfaction of Defendant PrinterOn's obligations under the Employment Agreement. In order for Defendant PrinterOn to prevail on this defense, Defendant PrinterOn must show that the parties specifically agreed to the discharge of an existing obligation in a matter other than originally stated. Where the Defendant PrinterOn tendered payment in less than what was owed Plaintiff Dreni under his Employment Agreement there must have been a clear and unmistakable communication to the Plaintiff Dreni that acceptance of the lesser amount would satisfy the original contractual obligation.

Authority:   Federal Jury Practice and Instructions (August 2021 Update)
Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee
Section 107.03 – Accord and satisfaction

28

**INSTRUCTION NO. 21**
**AFFIRMATIVE DEFENSE – BREACH OF CONTRACT**

If you find Plaintiff Dreni materially breached the Employment Agreement, then you must determine the amount of Defendant PrinterOn's damages. You must place the Defendant PrinterOn in the same position as if the Employment Agreement had not been breached. The Defendant PrinterOn may recover those damages naturally arising from the breach of the Employment Agreement.

Authority:    Federal Jury Practice and Instructions (August 2021 Update)
              Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee
              Section 127.07 – Breach of Contract – Damages

**INSTRUCTION NO. 22**
**AFFIRMATIVE DEFENSE – MITIGATION**

Plaintiff Dreni has a duty to use reasonable efforts to reduce or minimize the damages. But there's no requirement that Plaintiff Dreni in doing that accept the risk of additional loss in an effort to reduce damages. The burden is on Defendant PrinterOn to prove that any damages or loss to the Plaintiff Dreni attributable to a breach of contract by Defendant PrinterOn should have been minimized by some reasonable effort on the part of the Plaintiff Dreni.

Authority:    Federal Jury Practice and Instructions (August 2021 Update)
              Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee
              Section 126.08 – Mitigation of Damages

**INSTRUCTION NO. 23**
**COUNTERCLAIM – CONVERSION**

A person who receives possession of the property of another and thereafter, without authority, intentionally exercises control over it in such a manner as to interfere with the other's right of possession has converted that property and is liable for its value.

The parties agree that Defendant PrinterOn gave Plaintiff Dreni computers and other electronic equipment for use in his job. When Defendant PrinterOn terminated Plaintiff Dreni's employment on January 4, 2018, Defendant PrinterOn made multiple requests that Plaintiff Dreni return the items, but he refused. Plaintiff Dreni claims that he did not refuse to return the laptops absolutely; he advised that he did not have all of the requested items, that he returned two laptops to his attorney in October 2018 and his attorney informed Defendant PrinterOn that Plaintiff Dreni would return the laptops after the parties reached an agreement on protocols for a third-party vendor to extract privileged and/or personal information from the laptops and that he gave the laptops to Defendant PrinterOn's third-party vendor in April 2019.

The burden of proof is on Defendant PrinterOn to show that Plaintiff Dreni did not return the electronic equipment. If you find that Plaintiff Dreni did not return the computers and other electronic devices, then I instruct you that there was no conversion, and your verdict must be for Plaintiff Dreni. If you find that Plaintiff Dreni did not return the computers and other electronic devices, then I instruct you that there was a conversion, and Defendant PrinterOn is entitled to recover the value of the computers and other electronic devices.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
              Committee on Pattern Jury Instructions Association of Supreme Court Justices
              PJI 3:11 Intentional Torts – Interference with Person or Property – Conversion –
              Wrongful Detention, Use or Disposal Where Possession Lawfully Obtained

31

**INSTRUCTION NO. 24**
**COUNTERCLAIM – REPLEVIN**

Replevin and conversion are governed by the same rules of substantive law although different damage rules apply.

A person who receives possession of the property of another and thereafter, without authority, intentionally exercises control over it in such a manner as to interfere with the other's right of possession has converted that property and is liable for the property in replevin. To state a cause for replevin, Defendant PrinterOn must establish a superior possessory right to the equipment listed in the Termination Letter that was in Plaintiff Dreni's possession.

The parties agree that Defendant PrinterOn gave Plaintiff Dreni computers and other electronic equipment for use in his job. When Defendant PrinterOn terminated Plaintiff Dreni's employment on January 4, 2018, Defendant PrinterOn made multiple requests that Plaintiff Dreni return the laptops absolutely; he advised that he did not have all of the requested items, that he returned two laptops to his attorney in October 2018 and his attorney informed Defendant PrinterOn that Plaintiff Dreni would return the laptops after the parties reached an agreement on protocols for a third-party vendor to extract privileged and/or personal information from the laptops and that he gave the laptops to Defendant PrinterOn's third-party vendor in April 2019.

The burden of proof is on Defendant PrinterOn to show that Plaintiff Dreni did not return the electronic equipment. If you find that Plaintiff Dreni did return the computers and other electronic devices, then your verdict must be for Plaintiff Dreni. If you find that Plaintiff Dreni did not return the computers and other electronic devices, then Defendant PrinterOn is entitled to the return of those computers and other electronic devices.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
              Committee on Pattern Jury Instructions Association of Supreme Court Justices
              PJI 3:10 Intentional Torts – Interference with Person or Property – Conversion –

Wrongful Taking; Comment
PJI 3:11 Intentional Torts – Interference with Person or Property – Conversion –
Wrongful Detention, Use or Disposal Where Possession Lawfully Obtained

*Reif v. Nagy*, 175 A.D.3d 107, 106 N.Y.S.3d 5 (1st Dept. 2019)

**INSTRUCTION NO. 25**
**COUNTERCLAIM – BREACH OF CONTRACT (EMPLOYMENT AGREEMENT)**

Defendant PrinterOn is suing Plaintiff Dreni via counterclaim for breach of his Employment Agreement. Defendant PrinterOn hired Plaintiff Dreni on June 22, 2012, and the parties executed the Employment Agreement. Defendant PrinterOn terminated Plaintiff Dreni on January 4, 2018.

Defendant PrinterOn claims that immediately upon termination, it paid Plaintiff Dreni a lump sum severance payment of $155,769.23 and that as a condition of receiving such payment, Plaintiff Dreni was obligated to sign and return a Waiver and General Release of claims against Defendant PrinterOn. Defendant PrinterOn claims that Plaintiff Dreni's failure to sign and return the Waiver and General Release of claims against Defendant PrinterOn constituted a breach of the Employment Agreement. Defendant PrinterOn further claims Plaintiff Dreni breached the Employment Agreement by failing to return the equipment listed in the Termination Letter. Finally, Defendant PrinterOn claims Plaintiff Dreni breached the Employment Agreement by acting as a managing member of Skypoint Advisors. Plaintiff Dreni denies breaching the Employment Agreement and further claims he was not obligated to sign and return a Waiver and General Release as payment of any applicable outstanding commissions were also due on the date of termination and Plaintiff Dreni did not receive all commissions when the lump sum severance payment as deposited into his bank account without prior discussion with Defendant PrinterOn. Plaintiff Dreni also claims he returned all of the equipment and, finally, Plaintiff Dreni denies his investment with Skypoint Advisors was a breach of the Employment Agreement and was not the basis of his termination, which was not "for cause."

The question for you to decide is whether Plaintiff Dreni breached the Employment Agreement by failing to sign and return the Waiver and General Release of claims against

Defendant PrinterOn, by failing to return the equipment listed in the Termination Letter, and/or acting as a managing member of Skypoint Advisors. If you decide that Plaintiff Dreni did not breach the Employment Agreement by failing to sign and return the Waiver and General Release of claims against Defendant PrinterOn, by failing to return the equipment listed in the Termination Letter, and/or by acting as a managing member of Skypoint Advisors, then you will find for the plaintiff and proceed no further. If you decide that Plaintiff Dreni did breach the Employment Agreement by failing to sign and return the Waiver and General Release of claims against Defendant PrinterOn, by failing to return the equipment listed in the Termination Letter, and/or acting as a managing member of Skypoint Advisors, then you will find that there was a breach of the Employment Agreement and proceed to decide the amount of damages.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 4:20.5 Contracts – Damages – Generally [Supplemental Instruction]
PJI 4:21 Contracts – Breach of Employment Contract and Damages

**INSTRUCTION NO. 26**
**COUNTERCLAIM – BREACH OF CONTRACT (EMPLOYMENT AGREEMENT) –**
**DAMAGES**

My charge to you on the law of damages must not be taken as an indication that you should find for the defendant. You will decide on the evidence presented and the rules of law that I have given you whether the Defendant PrinterOn is entitled to recover from the Plaintiff Dreni. Only if you decide that there has been a breach of the Employment Agreement will you consider the following measure of damages.

When there has been a breach of an Employment Agreement, the employer is entitled to recover the amount of severance payment paid to the former employee plus additional costs.

There is no dispute that Plaintiff Dreni's employment ended on January 4, 2018. Under Article 4.3 of the Employment Agreement, the employee's receipt of "any amounts . . . in excess of any amounts owing to the Employee pursuant to applicable legislation and arising as a result of the termination of the Employee's employment are conditional upon the execution by the Employee of a full and final release of all claims and possible claims." Plaintiff Dreni claims he was not paid all "applicable outstanding commissions up to the date of such termination" in the severance payment as required by Article 4.1(D). If you determine that Defendant PrinterOn paid Plaintiff Dreni such amounts in accordance with Article 4.1(D) of the Employment Agreement, and Plaintiff Dreni breached the Employment Agreement by failing to sign and return a Waiver and General Release of claims, by failing to return the equipment listed in the Termination Letter, and/or by acting as a managing member of Skypoint Advisors, then you will find Plaintiff Dreni breached the Employment Agreement and Defendant PrinterOn is entitled to receive repayment for $155,769.23 plus the additional calculations I am about to explain.

Defendant PrinterOn claims that its damages consisted of additional costs as a result of the

36

delays. Plaintiff Dreni denies the Defendant PrinterOn incurred any additional costs as a result of the delays. Defendant PrinterOn has the burden of proving the amount of the additional costs it incurred as a result of the delays. If you find that Plaintiff Dreni breached the Employment Agreement, Defendant PrinterOn is entitled to repayment of $155,769.23 plus additional costs as you determine appropriate.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 4:20 Contracts – Damages – Generally
PJI 4:21 Contracts – Breach of Employment Contract and Damages

**INSTRUCTION NO. 27**
**COUNTERCLAIM – BREACH OF CONTRACT (PROPRIETARY INFORMATION AGREEMENT)**

As you have heard, Defendant PrinterOn seeks to recover damages for breach of contract. Defendant PrinterOn claims that it had a contract with Plaintiff Dreni described as the Proprietary Information Agreement requiring, among other things, Plaintiff Dreni to return all electronic equipment listed in the Termination Letter, that Defendant PrinterOn did what it was required to do under the contract, and that Plaintiff Dreni breached the contract by failing to return the electronic equipment listed in the Termination Letter. Plaintiff Dreni claims he returned all the equipment and did not breach the Proprietary Information Agreement.

Defendant PrinterOn has the burden of proving, by a preponderance of the evidence, that the Proprietary Information Agreement was a valid and enforceable contract with Plaintiff Dreni requiring, among other things, that Plaintiff Dreni return all the electronic equipment listed in the Termination Agreement, that Defendant PrinterOn did what it was required to do under the contract, that Plaintiff Dreni breached the contract by not doing what he was required to do under the contract and that Defendant PrinterOn sustained damages because of Plaintiff Dreni's breach.

If you decide that the Proprietary Information Agreement was a valid and enforceable contract obligating Plaintiff Dreni to return all the electronic equipment listed in the Termination Letter, and that Defendant PrinterOn did what it was required to do under the contract, and that Plaintiff Dreni breached the contract by failing to return the equipment, you will find for Defendant PrinterOn on its breach of contract counterclaim and you will go on to consider Defendant PrinterOn's damages. If you decide that the Proprietary Information Agreement was not a valid and enforceable contract, the Proprietary Information Agreement did not require Plaintiff Dreni to return any equipment, or Plaintiff Dreni did, indeed, return the equipment listed in the Termination

38

Letter, you will find for Plaintiff Dreni on the Defendant PrinterOn's breach of contract counterclaim.

Authority:      New York Pattern Jury Instructions – Civil (December 2021 Update)
                Committee on Pattern Jury Instructions Association of Supreme Court Justices
                PJI 4:20.5 Contracts – Damages – Generally [Supplemental Instruction]
                PJI 4.21 Contracts – Breach of Employment Contract and Damages

**INSTRUCTION NO. 28**
**COUNTERCLAIM – BREACH OF CONTRACT (PROPRIETARY INFORMATION**
**AGREEMENT) – DAMAGES**

My charge to you on the law of damages must not be taken as a suggestion that you should find for Defendant PrinterOn. It is for you to decide on the evidence presented and the rules of law I have given you whether Defendant PrinterOn is entitled to recover from Plaintiff Dreni for allegedly breaching the Proprietary Information Agreement.

Defendant PrinterOn claims that its damages consisted of costs due to Plaintiff Dreni's failure to return the equipment. Plaintiff Dreni denies that Defendant PrinterOn incurred any costs due to Plaintiff Dreni's failure to return the equipment. Defendant PrinterOn has the burden of proving the amount of the expenses it incurred due to Plaintiff Dreni's failure to return the equipment. If you find that Plaintiff Dreni breached the Proprietary Information Agreement by failing to return the equipment, Defendant PrinterOn is entitled to costs as you determine appropriate.

Authority:     New York Pattern Jury Instructions – Civil (December 2021 Update)
               Committee on Pattern Jury Instructions Association of Supreme Court Justices
               PJI 4:20.5 Contracts – Damages – Generally [Supplemental Instruction]
               PJI 4.21 Contracts – Breach of Employment Contract and Damages

40

**INSTRUCTION NO. 29**
**COUNTERCLAIM – PROMISSORY ESTOPPEL**

Where the existence of a valid contract cannot be established, plaintiffs sometimes seek to recover under the doctrine of promissory estoppel. Promissory estoppel, requires a showing of:

a. A clear and unambiguous promise;

b. That was reasonably and foreseeably relied upon by the party to whom the promise was made; and

c. An injury sustained in reliance on the promise.

Defendant PrinterOn has alleged that, in connection with his acceptance of Defendant PrinterOn's offer of employment, Plaintiff Dreni offered to execute a Waiver and General Release of claims upon his termination, return all property belonging to Defendant PrinterOn upon his termination, and refrain from engaging in any other gainful occupation or business during his employ with Defendant PrinterOn and Defendant PrinterOn reasonably relied on those offers to its detriment. Plaintiff Dreni claims he only agreed to sign and return a Waiver and General Release upon payment of any applicable outstanding commissions which were also due on the date of termination and that he did not receive all commissions when the lump sum severance payment was deposited into his bank account, prior to being provided a release for his signature, without prior discussion with Defendant PrinterOn. Plaintiff Dreni also claims it was not reasonable for Defendant PrinterOn to expect a Waiver and General Release as it unilaterally paid the lump sum without prior discussion with Plaintiff Dreni. Plaintiff Dreni also claims he returned all of the equipment in his possession, through his attorney, and, further, that Defendant PrinterOn did not sustain an injury as a result of the delay in returning the equipment, and a large portion of said delay was caused by Defendant PrinterOn. Finally, Plaintiff Dreni denies he made a clear, unambiguous promise not to invest with Skypoint Advisors, and further claims that Defendant

41

PritnerOn did not sustain an injury as a result of Plaintiff Dreni's investment with Skypoint Advisors, or any promises regarding same.

Defendant PrinterOn has the burden of showing that:

a. Plaintiff Dreni, by executing the Employment Agreement, made a clear and unambiguous promise to execute a Waiver and General Release of claims upon his termination, to return all property belonging to Defendant PrinterOn upon his termination, and to refrain from engaging in any other gainful occupation of business during his employ with Defendant PrinterOn;

b. That it was reasonable and foreseeable that Defendant PrinterOn would rely on the promises made by Plaintiff Dreni through his execution of the Employment Agreement; and

c. That Defendant PrinterOn's reliance on those promises caused it to suffer an injury to its detriment.

If you find that Plaintiff Dreni made such promises by executing the Employment Agreement, that it was foreseeable that Defendant PrinterOn would rely on such promises, that it was reasonable for Defendant PrinterOn to rely on such promises, and that Defendant PrinterOn's reliance on such promises caused it to suffer an injury, Defendant PrinterOn has shown the elements of promissory estoppel exist and I instruct you to find for Defendant PrinterOn. If you find that Plaintiff Dreni did not make such promises by executing the Employment Agreement, that it was neither reasonable nor reliable for Defendant PrinterOn to rely on such promises, or that Defendant PrinterOn did not suffer any injury by relying on such promises, then Defendant PrinterOn has not met its burden and I instruct you to find for Plaintiff Dreni.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
              Committee on Pattern Jury Instructions Association of Supreme Court Justices

PJI 4:1 Contracts – Elements; Comment Section F

*517 Union St. Associates LLC v. Town Homes of Union Square LLC*, 176 A.D.3d 1350, 111 N.Y.S. 715 (3d Dept. 2019)

43

**INSTRUCTION NO. 30**
**COUNTERCLAIM – UNJUST ENRICHMENT**

As you have heard, Defendant PrinterOn claims that Plaintiff Dreni was unjustly enriched at Defendant PrinterOn's expense in that Plaintiff Dreni received a lump sum severance payment of $155,769.23 without executing the Waiver and General Release of claims and without returning the Defendant PrinterOn's equipment as required by the Employment Agreement. Plaintiff Dreni denies Defendant PrinterOn's claims and contends he was not obligated to execute the Waiver and General Release of claims, and he returned Defendant PrinterOn's equipment.

Unjust enrichment occurs when one person has obtained money, property, or a benefit from another person or entity under such circumstances that, in fairness and good conscience, the money, property, or benefit should not be retained. In those circumstances, the law requires that person to repay, return to or compensate the other person or entity.

Defendant PrinterOn has the burden of proving that Plaintiff Dreni was unjustly enriched at Defendant PrinterOn's expense by receiving a lump sum severance payment of $155,769.23 without executing the Waiver and General Release of claims and failing to return the Defendant PrinterOn's equipment as required by the Employment Agreement. If you decide that Plaintiff Dreni was not obligated to execute the Waiver and General Release of claims and returned Defendant PrinterOn's equipment, you will find for Plaintiff Dreni. If you decide that Plaintiff Dreni was unjustly enriched at Defendant PrinterOn's expense by receiving a lump sum severance payment of $155,769.23 without executing the Waiver and General Release of claims and failing to return the Defendant PrinterOn's equipment as required by the Employment Agreement, you will find that Plaintiff Dreni is liable to Defendant PrinterOn and you will go on to consider the value of the lump sum severance payment and unreturned equipment Plaintiff Dreni obtained.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)

44

Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 4:2 Contracts – Quasi Contract – Restitution – Unjust Enrichment

**INSTRUCTION NO. 31**
**COUNTERCLAIM – QUANTUM MERUIT**

In order to make out a claim in quantum meruit, Defendant PrinterOn must establish (1) the payment of a lump sum severance payment in good faith, (2) the acceptance of the payment by Plaintiff Dreni, (3) an expectation of performance in the form of executing the Waiver and General Release of claims and the return of Defendant PrinterOn's equipment, and (4) the reasonable value of the lump sum severance payment and the unreturned equipment.

As you have heard, Defendant PrinterOn claims Plaintiff Dreni received a lump sum severance payment of $155,769.23 and neither executed the Waiver and General Release of claims nor returned Defendant PrinterOn's equipment as required by the Employment Agreement and Proprietary Information Agreement. Plaintiff Dreni denies Defendant PrinterOn's counterclaims and claims he was not obligated to sign and return a Waiver and General Release as payment of any applicable outstanding commissions were also due on the date of termination and Plaintiff Dreni did not receive all commissions when the lump sum severance payment was deposited in his bank account without prior discussion with Defendant PrinterOn. Plaintiff Dreni also contends the lump sum payment was not made in good faith. Plaintiff Dreni also claims he returned all of the equipment and, finally, Plaintiff Dreni denies his investment with Skypoint Advisors was a breach of the Employment Agreement and was not the basis of his termination which was not "for cause."

When a person or entity has performed work or services or provided a benefit or payment to another in good faith, and with an expectation that it will be paid and the other person has accepted those services, benefits, or payment, the person or entity who performed the services or provided the benefits or payment is entitled to be paid the reasonable value of those services, benefits, or payment.

Defendant PrinterOn has the burden of proving that Plaintiff Dreni received a lump sum severance payment of $155,769.23 and neither executed the Waiver and General Release of claims nor returned Defendant PrinterOn's equipment as required by the Employment Agreement and the Proprietary Information Agreement. If you decide that Plaintiff Dreni was not obligated to execute the Waiver and General Release of claims and he did return Defendant PrinterOn's equipment, you will find for Plaintiff Dreni. If you decide that Plaintiff Dreni received a lump sum severance payment of $155,769.23 and neither executed the Waiver and General Release of claims nor returned Defendant PrinterOn's equipment as required by the Employment Agreement and the Proprietary Information Agreement, you will find that Plaintiff Dreni is liable to Defendant PrinterOn on its counterclaim, and you will go on to consider the value of the lump sum severance payment and the unreturned equipment.

The parties agree the lump sum severance payment was for $155,769.23. You will determine the value of the unreturned equipment based on the evidence you have heard.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 4:20.1 Contracts – Quasi Contract – Restitution – Unjust Enrichment
[Supplemental Instruction]

*Miranco Contracting, Inc. v. Perel*, 57 A.D.3d 956, 871 N.Y.S.2d 310 (2d Dept. 2008)

47

**INSTRUCTION NO. 32**
**COUNTERCLAIM – BREACH OF GOOD FAITH AND FAIR DEALING**

As you have heard, Defendant PrinterOn also seeks to recover damages for breach of the covenant of good faith and fair dealing. Within every contract is an implied covenant of good faith and fair dealing. The implied covenant embraces a pledge that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. The covenant of good faith and fair dealing is breached when a party acts in a manner that deprives the other party of the benefits of the agreement. Where the contract contemplates the exercise of discretion, the implied covenant includes a promise not to act arbitrarily, irrationally, or in bad faith in exercising that discretion. To establish a breach of the implied covenant, Defendant PrinterOn must allege facts that tend to show that Plaintiff Dreni sought to prevent performance of the contract or to withhold its benefits from Defendant PrinterOn.

Defendant PrinterOn claims that its Employment Agreement with Plaintiff Dreni required that Plaintiff Dreni refrains from engaging in any other gainful occupation or undertaking of any other business during his employment with Defendant PrinterOn; and that upon his termination he was to return all Defendant PrinterOn electronic equipment; and upon receipt of a severance payment he was to execute and Waiver and General Release, that Defendant PrinterOn did what it was required to do under the Employment Agreement, and that Plaintiff Dreni breached the covenant of good faith and fair dealing by working as a managing member of Skypoint Advisors during the time he was employed by Defendant PrinterOn, that upon his termination he received a severance payment and did not execute a Waiver and General Release, and that he did not return Defendant PrinterOn electronic equipment to Defendant PrinterOn. Plaintiff Dreni denies breaching the covenant of good faith and fair dealing and further claims he was not obligated to sign and return a Waiver and General Release as payment of any applicable outstanding

48

commissions were also due on the date of termination and Plaintiff Dreni did not receive all commissions when the lump sum severance payment was deposited into his bank account without prior discussion with Defendant PrinterOn. Plaintiff Dreni also claims he returned all the equipment and, finally, Plaintiff Dreni denies his investment with Skypoint Advisors was a breach of the covenant of good faith and fair dealing and was not the basis of his termination which was not "for cause." Plaintiff Dreni claims that he acted in good faith and dealt with Defendant PrinterOn fairly.

Defendant PrinterOn claims that it acted in good faith and dealt with Plaintiff Dreni fairly.

Defendant PrinterOn has the burden of proving, by a preponderance of the evidence, that the Employment Agreement with Plaintiff Dreni required that Plaintiff Dreni refrain from engaging in any other gainful occupation or undertaking of any other business during his employment with PrinterOn; and that upon his termination he was to return all Defendant PrinterOn electronic equipment; and upon receipt of a severance payment he was to execute a Waiver and General Release, and that Plaintiff Dreni breached the covenant of good faith and fair dealing by working for Skypoint Advisors, by failing to return the electronic equipment and failing to sign a Waiver and General Release upon his termination, and that Defendant PrinterOn sustained damages because of Plaintiff Dreni's breach.

If you decide that Defendant PrinterOn's Employment Agreement with Plaintiff Dreni required that Plaintiff Dreni refrain from engaging in any other gainful occupation or undertaking of any other business during his employment with Defendant PrinterOn; and that upon his termination he was to return all Defendant PrinterOn electronic equipment; and upon receipt of a severance payment he was expected to execute a Waiver and General Release, and that Plaintiff Dreni breached the covenant of good faith and fair dealing by working for Skypoint Advisors, by

49

failing to return electronic equipment and failing to sign a Waiver and General Release upon his termination, then you will find for Defendant PrinterOn on its breach of the covenant of good faith and fair dealing claim, and you will go on to consider Defendant PrinterOn's damages.

If you decide that Plaintiff Dreni did not engage in any other gainful occupation or undertaking of any other business during his employment with Defendant PrinterOn; and that upon his termination, he returned all Defendant PrinterOn electronic equipment; and upon receipt of a severance payment, he did not have to execute a Waiver and General Release, and Plaintiff Dreni did not breach the covenant of good faith and fair dealing, you will find for Plaintiff Dreni.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 4:1 Contracts – Elements; Comment Section Z: Implied Covenant of Faith and Fair Dealing

*511 West 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 746 N.Y.S.2d 131, 773 N.E.2d 496 (2002)
*Paramax Corp. v. VoIP Supply, LLC*, 175 A.D.3d 939, 107 N.Y.S.3d 231 (4th Dept. 2019)
*6243 Jericho Realty Corp. v. AutoZone, Inc.*, 71 A.D.3d 983, 898 N.Y.S.2d 171 (2d Dept. 2010)
*Dalton v. Educational Testing Serv.*, 87 N.Y.2d 384, 639 N.Y.S.2d 977, 663 N.E.2d 289 (1995)
*Aventine Inv. Management, Inc. v. Canadian Imperial Bank of Commerce*, 265 A.D.2d 513, 697 N.Y.S.2d 128 (2d Dept. 1999).

**INSTRUCTION NO. 33**
**AFFIRMATIVE DEFENSES TO COUNTERCLAIMS – GENERALLY**

Plaintiff Dreni also asserts what are called "affirmative defenses." If a party proves any of these defenses as to the other party's claims, then that claim must fail.

Authority:     No citation

## INSTRUCTION NO. 34
## AFFIRMATIVE DEFENSE TO COUNTERCLAIMS – NO RELEASE

Plaintiff Dreni contends he did not release any claims, and he did not sign the Waiver and General Release, because the severance payment which was deposited directly into his account was less than what Plaintiff Dreni was owed under the Employment Agreement, and that payment of all the amounts due including any outstanding commissions was a condition precedent for the execution of the Wavier and General Release. Plaintiff Dreni further claims that he was not provided a Waiver and General Release before the lump sum severance payment was deposited directly into his account, without any discussion between Plaintiff Dreni and Defendant PrinterOn.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 4:1 Contracts – Elements

**INSTRUCTION NO. 35**
**AFFIRMATIVE DEFENSE TO COUNTERCLAIMS – NO ABANDONMENT**

Plaintiff Dreni contends a waiver of a contractual provision requires the knowing, voluntary and intentional abandonment of a known right, and Defendant PrinterOn's deposit of a lump sum severance payment into his account, without prior discussion between Plaintiff Dreni and Defendant PrinterOn or first providing the Waiver and General Release prior to making the lump sum direct deposit, was not an affirmative, voluntary or intentional abandonment by Plaintiff Dreni.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
              Committee on Pattern Jury Instructions Association of Supreme Court Justices
              PJI 4:1 Contracts – Elements

**INSTRUCTION NO. 36**
**AFFIRMATIVE DEFENSE TO COUNTERCLAIMS – RELEASE OF CLAIMS**

When you retire to deliberate on your verdict, I suggest you first consider the issue as to the validity of the release. If you should find from a preponderance of the evidence that the acceptance of payment in the sum of $155,769.23 (before tax withholdings) did not constitute acceptance of the release of claims, then you should disregard the release as if Plaintiff Dreni had never agreed to it. On the other hand, if you should find the Plaintiff Dreni has not met his burden of overcoming the release, you need not decide any of the other issues in this case, but may return your verdict in favor of Defendant PrinterOn.

Authority:     Federal Jury Practice and Instructions (August 2021 Update)
               Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee
               Section 107.2 – Release of all claims by plaintiff – Avoidance of

## INSTRUCTION NO. 37
## AFFIRMATIVE DEFENSE TO COUNTERCLAIMS – BREACH OF CONTRACT

If you find Defendant PrinterOn materially breached the Employment Agreement, then you must determine the amount of Plaintiff Dreni's damages. You must place Plaintiff Dreni in the same position as if the Employment Agreement had not been breached. The Defendant PrinterOn may recover those damages naturally arising from breach of the Employment Agreement.

Authority:   Federal Jury Practice and Instructions (August 2021 Update)
Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee
Section 126.07 – Breach of Contract – Damages

**INSTRUCTION NO. 38**
**AFFIRMATIVE DEFENSE TO COUNTERCLAIMS – MITIGATION**

Defendant PrinterOn has a duty to use reasonable efforts to reduce or minimize the damages. But there's no requirement that Defendant PrinterOn in doing that accept the risk of additional loss in an effort to reduce damages. The burden is on Plaintiff Dreni to prove that any damages or loss to the Defendant PrinterOn attributable to any breach of contract by Plaintiff Dreni should have been minimized by some reasonable effort on the part of the Defendant PrinterOn.

Authority:    Federal Jury Practice and Instructions (August 2021 Update)
Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee
Section 126.08 – Mitigation of Damages

Dated: November 14, 2022
      New York, NY

| NESENOFF & MILTENBERG LLP | FAEGRE DRINKER BIDDLE & REATH LLP |
|---|---|
| By: _/s/ Nicholas E. Lewis_ <br>     Nicholas E. Lewis, Esq. | By: _/s/ Tracey Salmon-Smith_ <br>     Tracey Salmon-Smith, Esq. |
| 363 Seventh Avenue, 5th Floor <br> New York, New York 10001-3904 <br> Tel: (212) 736-4500 <br> Fax: (212) 736-2260 <br> nlewis@nmllplaw.com | 1177 Avenue of the Americas, 41st Floor <br> New York, New York  10036-2714 <br> Tel: (212) 248-3254 <br> Fax: (212) 248-3141 <br> tracey.salmonsmith@faegredrinker.com |
| _Attorney for Plaintiff Denis Dreni_ | _Attorney for Defendant_ <br> _PrinterOn America Corporation_ |