UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

DENIS DRENI,                                            :

                Plaintiff,                 :    Civil Action No. 1:18-cv-12017-MKV

                        :

        vs.                                           :

                        :

PRINTERON AMERICA CORPORATION,           :

                Defendant.                :

                        :

-----------------------------------------------------------------

## <u>JOINT PROPOSED JURY INSTRUCTIONS</u>

Plaintiff and Counterclaim Defendant Denis Dreni ("Plaintiff") and Defendant and Counterclaim Plaintiff PrinterOn America Corporation ("Defendant"), by and through the undersigned counsel, hereby respectfully re-submit the following proposed joint jury instructions for trial. Each party reserves the right to modify, amend, and/or supplement these proposed jury instructions.

<table>
<tr><td>NESENOFF & MILTENBERG LLP</td><td>FAEGRE DRINKER BIDDLE & REATH LLP</td></tr>
<tr><td>By: <u>/s/ Nicholas E. Lewis</u><br>    Nicholas E. Lewis, Esq.</td><td>By: <u>/s/ Tracey Salmon-Smith</u><br>    Tracey Salmon-Smith, Esq.</td></tr>
<tr><td>363 Seventh Avenue, 5th Floor<br>New York, New York 10001-3904<br>Tel: (212) 736-4500<br>Fax: (212) 736-2260<br>nlewis@nmllplaw.com<br>*Attorney for Plaintiff Denis Dreni*</td><td>1177 Avenue of the Americas, 41st Floor<br>New York, New York 10036-2714<br>Tel: (212) 248-3254<br>Fax: (212) 248-3141<br>tracey.salmonsmith@faegredrinker.com<br>*Attorney for Defendant PrinterOn America Corporation*</td></tr>
</table>

**TABLE OF CONTENTS**

**GENERAL**

INSTRUCTION NO. 1 GENERAL – INTRODUCTION ............................................................ 1

INSTRUCTION NO. 2 GENERAL – FUNCTION OF THE JURY ........................................... 3

INSTRUCTION NO. 3 GENERAL – FAIR JURIES ................................................................. 4

INSTRUCTION NO. 4 GENERAL – AVOIDING IMPLICIT AND CONSCIOUS BIAS......... 5

INSTRUCTION NO. 5 GENERAL – DISCUSSION AMONG JURORS AND
INDEPENDENT RESEARCH.................................................................................................... 6

**EVIDENCE**

INSTRUCTION NO. 6 EVIDENCE – REVIEW OF EVIDENTIARY PRINCIPLES ............... 7

INSTRUCTION NO. 7 EVIDENCE – BURDEN OF PROOF – GENERALLY....................... 12

INSTRUCTION NO. 8 EVIDENCE – RIGHT TO RETURN TO COURTROOM................... 14

INSTRUCTION NO. 9 EVIDENCE – CONSIDERING TESTIMONY AND EXHIBITS ....... 15

INSTRUCTION NO. 10 EVIDENCE – PROFESSIONAL EXPERTISE OF JURORS............ 16

INSTRUCTION NO. 11 EVIDENCE – WEIGHING TESTIMONY........................................ 17

INSTRUCTION NO. 12 EVIDENCE – NOTE TAKING ........................................................ 19

INSTRUCTION NO. 13 EVIDENCE – CREDIBILITY OF WITNESS & INTERESTED
WITNESSES............................................................................................................................. 21

INSTRUCTION NO. 14 WITNESS CREDIBILITY-IMPEACHMENT .................................. 24

**PLAINTIFF'S CLAIMS**

INSTRUCTION NO. 15 BREACH OF CONTRACT (EMPLOYMENT
AGREEMENTS) ...................................................................................................................... 26

INSTRUCTION NO. 16 BREACH OF COVENANT OF GOOD FAITH AND FAIR
DEALING................................................................................................................................. 28

INSTRUCTION NO. 17 DAMAGES ...................................................................................... 31

**DEFENDANT'S AFFIRMATIVE DEFENSES**

INSTRUCTION NO. 18 AFFIRMATIVE DEFENSES – GENERALLY ................................ 33

INSTRUCTION NO. 19 AFFIRMATIVE DEFENSE – RELEASE OF CLAIMS.................... 34

INSTRUCTION NO. 20 AFFIRMATIVE DEFENSE – ACCORD AND
SATISFACTION ...................................................................................................................... 36

INSTRUCTION NO. 21 AFFIRMATIVE DEFENSE – BREACH OF CONTRACT .............. 37

INSTRUCTION NO. 22 AFFIRMATIVE DEFENSE – MITIGATION................................... 38

**DEFENDANT'S COUNTERCLAIMS**

INSTRUCTION NO. 23 COUNTERCLAIM – CONVERSION.............................................. 39

INSTRUCTION NO. 25 COUNTERCLAIM – BREACH OF CONTRACT (EMPLOYMENT AGREEMENT) ......................................................................................... 42

INSTRUCTION NO. 26 COUNTERCLAIM – BREACH OF CONTRACT (EMPLOYMENT AGREEMENT) – DAMAGES..................................................................... 44

INSTRUCTION NO. 27 COUNTERCLAIM – BREACH OF CONTRACT (PROPRIETARY INFORMATION AGREEMENT)................................................................... 46

INSTRUCTION NO. 28 COUNTERCLAIM – BREACH OF CONTRACT (PROPRIETARY INFORMATION AGREEMENT) – DAMAGES ......................................... 48

INSTRUCTION NO. 29 COUNTERCLAIM – UNJUST ENRICHMENT .............................. 49

INSTRUCTION NO. 30 .................................................................................................... 51

COUNTERCLAIM – BREACH OF GOOD FAITH AND FAIR DEALING............................ 51

**PLAINTIFF'S AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**
INSTRUCTION NO. 31 AFFIRMATIVE DEFENSES TO COUNTERCLAIMS – GENERALLY....................................................................................................................... 54

INSTRUCTION NO. 32 AFFIRMATIVE DEFENSE TO COUNTERCLAIMS – NO RELEASE .......................................................................................................................... 55

INSTRUCTION NO. 33 AFFIRMATIVE DEFENSE TO COUNTERCLAIMS – NO ABANDONMENT .............................................................................................................. 56

INSTRUCTION NO. 34 .................................................................................................... 57

INSTRUCTION NO. 35 AFFIRMATIVE DEFENSE TO COUNTERCLAIMS – MITIGATION..................................................................................................................... 58

**INSTRUCTION NO. 1**
**GENERAL – INTRODUCTION**

Members of the jury, we now come to that portion of the trial when you are instructed on the law that applies to the case, after which you will retire for your deliberations. You have heard and seen all the evidence introduced by the parties and through arguments of their attorneys you have learned the conclusions each party believes should be drawn from the admitted evidence.

As I mentioned at the outset of the trial, in our American system of justice, the judge and jury have separate roles.  My job is to instruct you as to the law, and I am now about to do so.  I will instruct you on the law that you will apply to the facts in this case. You will then determine the facts in accordance with my instructions on the law. As I told you at the beginning of the trial, I, as the Judge, do not find the facts.  Rather, your job as jurors is to decide all the fact issues.

My job as the trial judge is to instruct you as to the law that you are to apply to the case.  It is your duty as jurors to follow the law as I state it to you, and to apply that law to the facts as you find them from the evidence in the case.  Neither are you to be concerned with the wisdom of any rule of law stated by me.

As I previously stated, please do not take anything that I said or did during the trial as indicating what your verdict should be.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should also not single out any instruction or any one word or phrase in an instruction as alone stating the law, but you should consider the instructions as a whole.

1

Accordingly, you will find the facts in this case, but you will accept the law as I state it to you and apply that law to the facts as you find them. The result of your work will be the verdict that you return.


Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 1:20 Introduction

Devitt, Blackmar, Wolff and O'Malley, Federal Civil Jury Practice and Instructions, §71.01 (1987 and 1999 Supp.)

**INSTRUCTION NO. 2**
**GENERAL – FUNCTION OF THE JURY**

As jurors, your job is to decide all the fact issues of this case based on the evidence, that is from the testimony that you have heard and the exhibits that have been admitted into evidence, all the evidence presented in this courtroom during the trial. You are the sole and exclusive judge of the facts.  Neither I nor anyone else can take over your responsibility to decide the facts of this case. You will do so by the answers you provide on the verdict sheet. As sole judges of the facts, you must decide which of the witnesses you believe, what portion of their testimony you accept, and what weight you give to the evidence.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 1:28 Jury Function

Devitt, Blackmar, Wolff and O'Malley, Federal Civil Jury Practice and
Instructions, §71.01 (1987 and 1999 Supp.)

3

**INSTRUCTION NO. 3**
**GENERAL – FAIR JURIES**

You must perform your duties as jurors without bias or prejudice to any party. In reaching your verdict you are not to be affected by sympathy for any of the parties, what the reaction of the parties or of the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom. Your verdict will be determined by the conclusion(s) you reach, no matter whom the verdict helps or hurts. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a verdict, regardless of the consequences.

Authority:     New York Pattern Jury Instructions – Civil (December 2021 Update)
               Committee on Pattern Jury Instructions Association of Supreme Court Justices
               PJI 1:27 Exclude Sympathy

               Devitt, Blackmar, Wolff and O'Malley, Federal Civil Jury Practice and
               Instructions, §71.01 (1987 and 1999 Supp.)

4

**INSTRUCTION NO. 4**
**GENERAL – AVOIDING IMPLICIT AND CONSCIOUS BIAS**

As a fair and impartial juror, you must guard against the application of any stereotypes or attitudes about people or groups that might lead you to render a biased decision based on those stereotypes or attitudes. Keep in mind that bias, based upon stereotypes or attitudes, is not always obvious or conscious. In assessing the testimony and other evidence in the case, you must not be swayed by those stereotypes or attitudes.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 1:27A Fair Juror and Absence of Implicit or Conscious Bias

5

**INSTRUCTION NO. 5**
**GENERAL – DISCUSSION AMONG JURORS AND INDEPENDENT RESEARCH**

In fairness to the parties to this lawsuit, it is very important for you to keep an open mind throughout the trial, and through your deliberations. You must reach your decision(s) and verdict on the evidence, *only*, as it was admitted during this trial. You will soon get to exchange your views and opinions with other members of the jury to reach your decision(s) and verdict. As I directed at the outset of this trial, you had and have a duty not to discuss this case with others, or even remain in the presence of others who discussed this case.  I directed you not to do any independent research, including on social media and/or social media, nor make any investigation on your own about any of the matters relating to this case or this type of case.  The reason for this is that if you engage in premature discussions or research, without the benefit of all the evidence, the summations by the lawyers, and my final instructions on the law, your discussions would not be fully informed. That would be unfair to the parties. The law requires that you consider only the testimony and other evidence admitted at this trial. Not only does our law mandate it, but the parties depend on you to fairly and impartially consider only the admitted evidence. To do otherwise, by allowing outside information, which may be incomplete, inaccurate, or otherwise unreliable, to affect your judgment, would have been unfair and prejudicial to the parties and would have required a re-trial of this case.

Authority:     New York Pattern Jury Instructions – Civil (December 2021 Update)
               Committee on Pattern Jury Instructions Association of Supreme Court Justices
               PJI 1:11 Discussion Among Jurors – Keep an Open Mind – Independent Research

**INSTRUCTION NO. 6**
**EVIDENCE – REVIEW OF EVIDENTIARY PRINCIPLES**

You will recall that at the beginning of the trial I stated certain principles. Briefly, they were that you are bound to accept the rules of law as I give them to you whether or not you agree with them. You were not to ask anyone else about the law. You were not consider or accept any advice about the law from anyone other than me.

During this trial, I have ruled on the admission of evidence and on motions made with respect to the applicable law. You must not conclude from any ruling I have made, any questions I might have asked or anything I have said that I favor any party to this lawsuit.

I asked you to please pay close attention to all of the evidence at the trial. The evidence will come in three general categories. The first category is the testimony from the witnesses called by the parties. Testimony given by said witnesses under oath is evidence. The second category of evidence consists of documents and exhibits that were formally received into evidence during the trial. The third category of evidence is stipulations, or agreements, between the parties. As the parties stipulated to certain facts, the stipulation is evidence.

Statements and argument of counsel are not evidence in the case. The court may take judicial notice of some fact or event, the jury must, unless otherwise instructed , accept the court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed. Any evidence as to which an objection was sustained by the Court, and any evidence stricken by the court, must be entirely disregarded.

Your view of the evidence and your decision(s) on the issue(s) of fact will decide this case. During the trial, I may have sustained objections to questions without allowing the witness to

answer or where an answer was made, instructed that it be removed or stricken from the record, and that you disregard it and dismiss it from your minds. In reaching your decision(s), you may not draw any inference or conclusion from an unanswered question, nor may you consider testimony that has been removed or stricken from the record. The law requires that your decision(s) be made solely on the admitted evidence. Anything I excluded from your consideration was excluded because it was not legally admissible.

In deciding how much weight, if any you choose to give to the testimony of any particular witness, there is no magical formula that can be used. The tests used in your everyday affairs to decide the reliability or unreliability of statements made to you by others are the tests you will apply in your deliberations. In deciding how much weight, if any, to give to a witness' testimony, you may consider the interest or lack of interest of that witness in the outcome of this case, the bias or prejudice of the witness, if there be any, the age, the appearance, the manner in which the witness gave testimony on the stand, the opportunity and ability the witness had to observe the facts about which he or she testified, and the probability or improbability of the witness' testimony when considered in the light of all the other evidence in the case. If it appears there is a conflict in the evidence, you will have to consider whether and to what extent the apparent conflict can be reconciled by fitting the different versions together; otherwise, you will have to decide which of the conflicting versions, if any, you will accept.

There are two types of evidence which you may use in reaching your verdict -- direct evidence and circumstantial evidence. Direct evidence is when a witness testifies about something the witness knows by virtue of his or her own senses -- something the witness has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit admitted into evidence.

8

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining, and it was a nice day. Assume that the courtroom blinds were drawn, and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or nonexistence of some other fact.

9

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

By the processes I have just described and any further instructions I may give, you, as the sole judges of the facts, decide which of the witnesses you believe, what portion of their testimony you accept and what weight you give to it.  Similarly, while considering the evidence presented to you, decide which evidence you accept, what weight you give to it and what reasonable inferences would be justified in light of your experience and common sense.

10

Authority:     New York Pattern Jury Instructions – Civil (December 2021 Update)
               Committee on Pattern Jury Instructions Association of Supreme Court Justices
               PJI 1:21 Review Principles Stated

               Devitt, Blackmar, Wolff and O'Malley, <u>Federal Civil Jury Practice and
               Instructions</u>, §71.08 (1987 and 1999 Supp.)

11

**INSTRUCTION NO. 7**
**EVIDENCE – BURDEN OF PROOF – GENERALLY**

To say that a party has the burden of proof on a particular issue means that, considering all the evidence in the case, the party's claim on that issue must be established by a fair preponderance of the credible evidence. The credible evidence means the testimony or exhibits that you find worthy of belief. A preponderance means the greater part of the evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase preponderance of the evidence refers to the quality of the evidence, its weight, and the effect that it has on your minds. In order for a party to prevail on an issue on which he or she has the burden of proof, the evidence that supports his or her claim on that issue must appeal to you as more nearly representing what happened than the evidence opposed to it. If it does not or if it weighs so evenly that you are unable to say that there is a preponderance on either side, you must decide the question against the party who has the burden of proof and in favor of the opposing party.

The burden is on the Plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence.  If the proof should fail to establish any essential element of Plaintiff's claim, or Defendant's counterclaim, by a preponderance of the evidence.

As to certain affirmative defenses which will be discussed later in these instructions, however, the burden of establishing the essential facts is on the Defendant, or Plaintiff's affirmative defense to Defendant's counterclaim, as I will explain.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force,

12

and produces in your minds belief that what is sought to be proved is more likely true than not true. The rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In this case, Plaintiff Dreni claims that he is owed certain commissions, and other income, allegedly owed pursuant to his Employment Agreement with Defendant PrinterOn. Defendant PrinterOn denies Plaintiff Dreni's allegations and asserts multiple affirmative defenses and counterclaims including that Plaintiff Dreni agreed to release all claims against Defendant PrinterOn in exchange for receiving a lump-sum severance payment. Plaintiff Dreni asserts multiple affirmative defenses to Defendant PrinterOn's counterclaims. Plaintiff Dreni has the burden of proving that Defendant PrinterOn breached the Employment Agreement and failed to pay owed commissions, and other income, owed to him by a preponderance of the evidence. Defendant PrinterOn has the burden of proving its counterclaims and affirmative defenses, including that Plaintiff Dreni released all claims against Defendant PrinterOn by accepting a severance payment, by a preponderance of the evidence.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 1:60 General Instructions – Burden of Proof – When Burden Differs on
Different Issues

Devitt, Blackmar, Wolff and O'Malley, Federal Civil Jury Practice and
Instructions, §72.01; §72.03 (1987 and 1999 Supp.)

13

**INSTRUCTION NO. 8**
**EVIDENCE – RIGHT TO RETURN TO COURTROOM**

If during your deliberations, your recollection of any part of the testimony should fail, or

if you have any question about my instructions to you on the law, then you have the right to return

to the courtroom for the purpose of having the testimony read to you or your question addressed.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 1:24 Return to Courtroom

14

**INSTRUCTION NO. 9**
**EVIDENCE – CONSIDERING TESTIMONY AND EXHIBITS**

In deciding this case, you may consider only the exhibits that were admitted in evidence and the testimony of the witnesses as you have heard it in this courtroom. However, arguments, remarks, and summation(s) of the attorneys are not evidence, nor is anything I now say or may have said with regard to the facts, evidence. As I instructed you previously, it is important to remember that you may not use any internet services or social media, including for example, Google, Facebook, Twitter, LinkedIn, Instagram or TikTok or other media platforms, to discuss or give or get information about the case or its participants or to research topics concerning the trial. Electronic devices including any cell phones, smartphones, laptops or any other personal electronic devices must be turned off while you are deliberating. Allowing outside information which may be incomplete, inaccurate, or otherwise unreliable to affect your judgment is unfair and prejudicial to the parties and could require this case to be retried.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
             Committee on Pattern Jury Instructions Association of Supreme Court Justices
             PJI 1:25 Consider Only Testimony and Exhibits

**INSTRUCTION NO. 10**
**EVIDENCE – PROFESSIONAL EXPERTISE OF JURORS**

Although as jurors you are encouraged to use all of your life experiences in analyzing testimony and other evidence and reaching a fair verdict, you may not communicate any professional expertise you might have or other facts not in evidence to the other jurors. You must base your discussions and decisions solely on the evidence admitted during the trial and that evidence alone.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 1:25A Juror's Use of Professional Expertise

**INSTRUCTION NO. 11**
**EVIDENCE – WEIGHING TESTIMONY**

The law does not require you to accept all the evidence I will admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight, if any, you choose to give to that testimony. The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness' recollection is faulty, or because the witness has not expressed himself or herself clearly. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all the experience and background of your lives. In your everyday affairs, you decide for yourselves the reliability or unreliability of things people tell you. The same tests you use in your everyday dealings are the tests you should apply in your deliberations. In deciding how much weight, if any, you will give to a witness' testimony, you may consider the interest or lack of interest of that witness in the outcome of this case, the bias or prejudice of the witness, if there be any, the age, the appearance, the manner in which the witness gives testimony on the stand, the opportunity and ability the witness had to observe the facts about which he or she testifies, and the probability or improbability of the witness' testimony when considered in light of all the other evidence in the case. If it appears there is a conflict in the evidence, you should decide whether and to what extent the apparent conflict can be reconciled by fitting the different versions together. If you cannot do so, you will have to decide which of the conflicting versions you will accept, if any.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices

17

PJI 1:8 Weighing Testimony

18

**INSTRUCTION NO. 12**
**EVIDENCE – NOTE TAKING**

You will recall that I previously permitted you to take notes during the trial and that I gave you instructions about note-taking. Now that you are about to begin deliberations, I want to remind you about those instructions. Whether you have taken notes, or not, you should be aware that the court reporter has recorded everything that was stated in this courtroom. At your request, any portion of the transcript will be read back to you. If you took notes during the trial, you will be allowed to take those notes into the jury room with you. I want to stress, however, that those notes are only for your personal use and are simply an aid to your memory. You are not to discuss your notes with anyone during your deliberations. Similarly, because the notes may be inaccurate or incomplete, they may not be given any greater weight or influence than your own independent recollection, or the recollection of other jurors, about the facts or the conclusions to be drawn from the facts in determining the outcome of the case. Those of you who have not taken notes should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has taken notes. The fact a juror has taken notes does not entitle that juror's view to any greater weight than the views of any other juror during deliberations. Any difference between any juror's recollection and any juror's notes should always be settled by asking to have the court reporter's transcript on the point read back to you. The court transcript should govern your deliberations rather than a juror's notes. A juror's notes are not a substitute for the official record or the governing principles of law that I gave you during the trial and am now giving to you. Your notes are confidential and will be collected and destroyed once you have rendered your verdict.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
              Committee on Pattern Jury Instructions Association of Supreme Court Justices

19

PJI 1:25B Juror Note Taking

## INSTRUCTION NO. 13
## EVIDENCE – CREDIBILITY OF WITNESS & INTERESTED WITNESSES

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in that witness's testimony. You are the sole judges of the credibility of each witness and of the importance of the witness's testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched the witnesses testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did the witness appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was the witness's demeanor? What was the witness's behavior, bearing, manner and appearance while testifying? Often it is not what a witness says but how the witness says it that counts.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which the witness testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony. Always remember that you should use your common sense, your good judgment and your own life experience.

In evaluating the credibility of the witness, you should also take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances that witness's own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of that witness's testimony and accept it with great care.

An interested witness is not necessarily less believable than a disinterested witness. The fact that he or she is interested in the outcome of the case does not mean that he or she has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by his or her interest. You may reject the testimony if, after careful consideration of all the evidence in the case, including the cross-examination of the witness, you decide you do not believe the testimony or you find it is not reliable. On the other hand, you are not required to

22

reject the testimony of such a witness and may accept all or such part of his or her testimony as you find believable and reliable and reject such part as you find unworthy of acceptance. The testimony is entitled to such weight as you decide it is worth.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, any witness's interest has affected the witness's testimony.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 1:25C General Instruction – Interested Witness – Generally

**INSTRUCTION NO. 14**
**WITNESS CREDIBILITY-IMPEACHMENT**

You have heard evidence that at some earlier time witnesses have said or done something, or failed to say or do something, which counsel argues is inconsistent with the witnesses' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining the facts. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted a prior statement. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.


Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
              Committee on Pattern Jury Instructions Association of Supreme Court Justices
              PJI 1:25C General Instruction-Impeachment-Generally


24

**INSTRUCTION NO. 15**
**BREACH OF CONTRACT (EMPLOYMENT AGREEMENTS)**

As you have heard, Plaintiff Dreni seeks to recover damages for breach of contract. Plaintiff Dreni claims that his Employment Agreement with Defendant PrinterOn required that Defendant PrinterOn pay certain commissions on specified accounts and revenue received by Defendant PrinterOn, that Plaintiff Dreni did what he was required to under the Employment Agreement, and that Defendant PrinterOn breached the contract by failing to pay those commissions and bonuses. Defendant PrinterOn claims that Plaintiff Dreni was not entitled to those commissions or bonuses, that it paid all commissions due during the period of employment and at the time of Plaintiff Dreni's separation, and that Plaintiff Dreni agreed to a full release of claims by accepting severance payment.

Plaintiff Dreni has the burden of proving, by a preponderance of the evidence, that his Employment Agreement with Defendant PrinterOn required Defendant PrinterOn to pay the commissions and bonuses Plaintiff Dreni claims were due during the period of employment and at the time of separation, that Defendant PrinterOn breached the contract by not doing what it was required to do under the contract regarding payment of commissions and bonuses and that Plaintiff Dreni sustained damages because of Defendant PrinterOn's breach. If you decide that Plaintiff Dreni's Employment Agreement with Defendant PrinterOn required Defendant PrinterOn to pay the commissions and bonuses Plaintiff Dreni alleges were due, Plaintiff Dreni did what he was required to do under the Employment Agreement, and that Defendant PrinterOn breached the Employment Agreement by failing to pay those commissions and bonuses, you will find for Plaintiff Dreni on his breach of contract claim and you will go on to consider Plaintiff Dreni's damages. If you decide that no commission or bonuses were due beyond those paid out by Defendant PrinterOn and Defendant PrinterOn did not breach the contract, you will find for

Defendant PrinterOn.

Authority:     New York Pattern Jury Instructions – Civil (December 2021 Update)
               Committee on Pattern Jury Instructions Association of Supreme Court Justices
               PJI 4:1 Contracts – Elements

**INSTRUCTION NO. 16**
**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

As you have heard, the Plaintiff Dreni also seeks to recover damages for breach of the covenant of good faith and fair dealing. Within every contract is an implied covenant of good faith and fair dealing. The implied covenant embraces a pledge that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. The covenant of good faith and fair dealing is breached when a party acts in a manner that deprives the other party of the benefits of the agreement. Where the contract contemplates the exercise of discretion, the implied covenant includes a promise not to act arbitrarily, irrationally or in bad faith in exercising that discretion. To establish a breach of the implied covenant, Plaintiff Dreni must allege facts that tend to show that the Defendant PrinterOn sought to prevent his performance of the contract or to withhold its benefits from Plaintiff Dreni.

Plaintiff Dreni claims that his Employment Agreement with Defendant PrinterOn required Defendant PrinterOn to pay certain commissions on specified accounts and revenue received by Defendant PrinterOn: As per the Employment Agreement, Plaintiff Dreni's commissions were calculated using a tiered, escalating rate, in which the commission rate was increased as Plaintiff Dreni, and the company, reached certain milestones based on revenue generated by certain enumerated dates on the fiscal calendar, including the end of fiscal quarters. Plaintiff Dreni claims he did what he was required to do under the Employment Agreement, generated significant revenue that exceeded the aforementioned milestones by the enumerated dates on the fiscal calendar, and that Defendant PrinterOn breached the covenant of good faith and fair dealing by seeking to prevent Plaintiff Dreni from reaching the revenue milestones by the enumerated dates on the fiscal calendar, thus preventing Dennis earning the maximum amount of commissions possible during his employment with Defendant PrinterOn.  Dreni claims that PrinterOn engaged

28

in bad faith billing and accounting practices specifically to prevent Dreni from reaching the revenue milestones by the enumerated dates on the fiscal calendar and earning the maximum amount of commissions he was entitled to. Dreni also claims that PrinterOn sought to prevent Dreni from earning the maximum amount of commissions possible by removing Dreni from specific accounts in order to prevent Dreni from generating additional revenue with said accounts by the enumerated dates on the fiscal calendar.

Defendant PrinterOn claims that it acted in good faith and dealt with Plaintiff Dreni fairly, and, further, that Defendant PrinterOn did not seek to prevent Plaintiff Dreni from performing the contract or limit the amount of commissions he was entitled to earn during his employment with Defendant PrinterOn.

Plaintiff Dreni has the burden of proving, by a preponderance of the evidence, that his Employment Agreement with Defendant PrinterOn required Defendant PrinterOn to pay Plaintiff Dreni the commissions on specified accounts for revenue received by Defendant PrinterOn by enumerated fiscal dates, that Defendant PrinterOn breached the covenant of good faith and fair dealing by seeking to prevent Plaintiff Dreni from his performance of the contract, and reaching said revenue milestones by the enumerated dates on the fiscal calendar, to earn the maximum amount of commissions possible during his employment with Defendant PrinterOn, and that Plaintiff Dreni sustained damages because of Defendant PrinterOn's breach, namely lower commissions than he was entitled to.

If you decide that Plaintiff Dreni's Employment Agreement with Defendant PrinterOn required Defendant PrinterOn to pay Plaintiff Dreni the commissions on specified accounts for revenue received by Defendant PrinterOn by enumerated dates on the fiscal calendar under the Employment Agreement, and that Defendant PrinterOn breached the covenant of good faith and

29

fair dealing by seeking to prevent Plaintiff Dreni from his performance of the contract to earn the maximum amount of commissions possible during his employment with Defendant PrinterOn, then you will find for Plaintiff Dreni on his breach of the covenant of good faith and fair dealing claim, and you will go on to consider Plaintiff Dreni's damages.

If you decide that Defendant PrinterOn did not seek to prevent Plaintiff Dreni from his performance of the contract to earn the maximum amount of commissions possible and Defendant PrinterOn did not breach the covenant of good faith and fair dealing, you will find for Defendant PrinterOn.

.

Authority:      New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 4:1 Contracts – Elements; Comment Section Z: Implied Covenant of Good Faith and Fair Dealing

*511 West 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 746 N.Y.S.2d 131, 773 N.E.2d 496 (2002)
*Paramax Corp. v. VoIP Supply, LLC*, 175 A.D.3d 939, 107 N.Y.S.3d 231 (4th Dept. 2019)
*6243 Jericho Realty Corp. v. AutoZone, Inc.*, 71 A.D.3d 983, 898 N.Y.S.2d 171 (2d Dept. 2010)
*Dalton v. Educational Testing Serv.*, 87 N.Y.2d 384, 639 N.Y.S.2d 977, 663 N.E.2d 289 (1995)
*Aventine Inv. Management, Inc. v. Canadian Imperial Bank of Commerce*, 265 A.D.2d 513, 697 N.Y.S.2d 128 (2d Dept. 1999)

## INSTRUCTION NO. 17
### DAMAGES

My charge to you on the law of damages must not be taken as an indication that you should find for the plaintiff. You will decide on the evidence presented and the rules of law that I have given you whether the plaintiff is entitled to recover from the defendant. Only if you decide that there has been a breach of the employment contract will you consider the measure of damages.

Generally, when there has been a breach of an employment contract, the employee is entitled to recover the amount of salary and other benefits that he would have received under the contract, less certain deductions that I shall outline for you in a moment.

Here, Plaintiff Dreni alleges that Defendant PrinterOn breached the Employment Agreement by not paying certain commissions and bonuses allegedly due both during his period of employment and at the time of separation. There is no dispute that Plaintiff Dreni's employment ended on January 4, 2018. Under the terms of the Employment Agreement, Plaintiff Dreni contends he is owed compensatory damages as follows:

In addition to an annual base salary, Plaintiff Dreni alleges he was entitled to receive commissions for revenue he generated from his assigned accounts (the "annual personal target number") and revenue the company received, in general (the "annual company number"). As per the Employment Agreement, Plaintiff Dreni's commissions were calculated using a tiered, escalating rate, in which the commission rate was increased as Plaintiff Dreni, and the company, reached certain milestones based on revenue generated. Plaintiff Dreni alleges he is owed money for commissions that were improperly omitted from both Plaintiff Dreni's annual personal target number, and the annual company number. Plaintiff Dreni further contends that certain commissions were improperly delayed from inclusion in his annual personal target number, and the annual company number, specifically to prevent triggering the next tiered milestone in order

31

to avoid paying Plaintiff Dreni the higher commission rates enumerated in the Employment Agreement. Defendant PrinterOn claims it paid Plaintiff Dreni the appropriate commissions and bonuses at the appropriate rates and the appropriate time.

Plaintiff Dreni seeks as damages (1) the unpaid commissions that were improperly withheld from his annual personal target number and the annual company number, and (2) the difference between the higher commission rates (that should have been paid if the commissions were not improperly delayed) and the lower commission rates that were improperly applied to certain commissions, as well as (3) unpaid bonuses that were earned and assigned to Plaintiff Dreni but never paid.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 4:20 Contracts – Damages – Generally
PJI 4:21 Contracts – Breach of Employment Contract and Damages

**INSTRUCTION NO. 18**
**AFFIRMATIVE DEFENSES – GENERALLY**

Defendant PrinterOn also asserts what are called "affirmative defenses." If a party proves

any of these defenses as to the other party's claims, then that claim must fail.

Authority:     No citation

**INSTRUCTION NO. 19**
**AFFIRMATIVE DEFENSE – RELEASE OF CLAIMS**

Defendant PrinterOn alleges as a defense that after his termination, in consideration of the payment to the Plaintiff Dreni in the sum of $155,769.23 (before tax withholdings), Plaintiff Dreni released and discharged Defendant PrinterOn from all claims and demands Plaintiff Dreni then had, or might later have, on account of any and all injuries, including any injuries that might develop later as well as those then apparent, which may have been sustained by Plaintiff Dreni at the time of discharge in this case.

Defendant PrinterOn contends that by accepting the payment in the sum of $155,769.23 (before tax withholdings) without objection, Plaintiff Dreni agreed to the aforementioned release of claims.

Plaintiff Dreni contends he did not release any claims because the severance payment which was deposited directly into his account was less than what Plaintiff Dreni was owed under the Employment Agreement as payment of any applicable outstanding commissions were also due on the date of termination, and, as such, he did not execute a release before or after the lump sum payment was deposited directly into his account.

Plaintiff Dreni contends a waiver of a contractual provision requiring the knowing, voluntary and intentional abandonment of a known right, and Defendant PrinterOn's deposit into his account was not an affirmative, voluntary or intentional abandonment by Plaintiff Dreni.

When you retire to deliberate on your verdict, I suggest you first consider the issue as to the validity of the release. If you should find from a preponderance of the evidence that the acceptance of payment in the sum of $155,769.23 (before tax withholdings) did not constitute acceptance of the release of claims, then you should disregard the release as if Plaintiff Dreni had never agreed to it. On the other hand, if you should find the Plaintiff Dreni has not met his burden

34

of overcoming the release, you need not decide any of the other issues in this case but may return

your verdict in favor of Defendant PrinterOn.

Authority:      Federal Jury Practice and Instructions (August 2021 Update)
                Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee
                Section 107.02 – Release of all claims by plaintiff – Avoidance Of

**INSTRUCTION NO. 20**
**AFFIRMATIVE DEFENSE – ACCORD AND SATISFACTION**

Accord and satisfaction is when two parties agree that something of value will be given and accepted in order to satisfy a prior debt or obligation. Defendant PrinterOn contends the lump-sum severance payment by Defendant PrinterOn, and acceptance by Plaintiff Dreni, shows the parties reached an accord and satisfaction of Defendant PrinterOn's obligations under the Employment Agreement.  In order for Defendant PrinterOn to prevail on this defense, Defendant PrinterOn must show all of the following, 1) Defendant PrinterOn gave Plaintiff Dreni a lump-sum severance payment to fully satisfy its obligations under the Employment Agreement; 2) Defendant PrinterOn gave the lump-sum severance payment with the clear and unmistakable understanding that it would fully satisfy its obligations under the Employment Agreement;  3) Plaintiff understood that if he accepted the lump sum severance payment that Defendant PrinterOn's obligations under the Employment Agreement would be satisfied; and 4) Plaintiff Dreni accepted the lump sum severance payment with a clear and unmistakable understanding that the lump sum severance payment would fully satisfy PrinterOn's obligations under the Employment Agreement.

Authority:    Federal Jury Practice and Instructions (August 2021 Update)
              Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee
              Section 107.03 – Accord and satisfaction

**INSTRUCTION NO. 21**
**AFFIRMATIVE DEFENSE – BREACH OF CONTRACT**

If you find Plaintiff Dreni materially breached the Employment Agreement, then you must determine the amount of Defendant PrinterOn's damages. You must place the Defendant PrinterOn in the same position as if the Employment Agreement had not been breached. The Defendant PrinterOn may recover those damages naturally arising from the breach of the Employment Agreement.

Authority:    Federal Jury Practice and Instructions (August 2021 Update)
Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee
Section 127.07 – Breach of Contract – Damages

**INSTRUCTION NO. 22**
**AFFIRMATIVE DEFENSE – MITIGATION**

Plaintiff Dreni has a duty to use reasonable efforts to reduce or minimize the damages. But there's no requirement that Plaintiff Dreni in doing that accept the risk of additional loss in an effort to reduce damages. The burden is on Defendant PrinterOn to prove that any damages or loss to the Plaintiff Dreni attributable to a breach of contract by Defendant PrinterOn should have been minimized by some reasonable effort on the part of the Plaintiff Dreni.

Authority:    Federal Jury Practice and Instructions (August 2021 Update)
Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee
Section 126.08 – Mitigation of Damages

38

**INSTRUCTION NO. 23**
**COUNTERCLAIM – CONVERSION**

A person who receives possession of the property of another and thereafter, without authority, intentionally exercises control over it in such a manner as to interfere with the other's right of possession has converted that property and is liable for its value.

The parties agree that Defendant PrinterOn gave Plaintiff Dreni computers and other electronic equipment for use in his job. When Defendant PrinterOn terminated Plaintiff Dreni's employment on January 4, 2018, Defendant PrinterOn made multiple requests that Plaintiff Dreni return the items, but he refused. Plaintiff Dreni claims that he did not refuse to return the laptops absolutely; he advised that he did not have all of the requested items, that he returned two laptops to his attorney in October 2018 and his attorney informed Defendant PrinterOn that Plaintiff Dreni would return the laptops after the parties reached an agreement on protocols for a third-party vendor to extract privileged and/or personal information from the laptops and that he gave the laptops to Defendant PrinterOn's third-party vendor in April 2019.

The burden of proof is on Defendant PrinterOn to show that Plaintiff Dreni did not return the electronic equipment. If you find that Plaintiff Dreni did not return the computers and other electronic devices, then I instruct you that there was no conversion, and your verdict must be for Plaintiff Dreni. If you find that Plaintiff Dreni did not return the computers and other electronic devices, then I instruct you that there was a conversion, and Defendant PrinterOn is entitled to recover the value of the computers and other electronic devices.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
              Committee on Pattern Jury Instructions Association of Supreme Court Justices
              PJI 3:11 Intentional Torts – Interference with Person or Property – Conversion –
              Wrongful Detention, Use or Disposal Where Possession Lawfully Obtained

Replevin and conversion are governed by the same rules of substantive law although different damage rules apply.

A person who receives possession of the property of another and thereafter, without authority, intentionally exercises control over it in such a manner as to interfere with the other's right of possession has converted that property and is liable for the property in replevin. To state a cause for replevin, Defendant PrinterOn must establish a superior possessory right to the equipment listed in the Termination Letter that was in Plaintiff Dreni's possession.

The parties agree that Defendant PrinterOn gave Plaintiff Dreni computers and other electronic equipment for use in his job. When Defendant PrinterOn terminated Plaintiff Dreni's employment on January 4, 2018, Defendant PrinterOn made multiple requests that Plaintiff Dreni return the laptops absolutely; he advised that he did not have all of the requested items, that he returned two laptops to his attorney in October 2018 and his attorney informed Defendant PrinterOn that Plaintiff Dreni would return the laptops after the parties reached an agreement on protocols for a third-party vendor to extract privileged and/or personal information from the laptops and that he gave the laptops to Defendant PrinterOn's third-party vendor in April 2019.

The burden of proof is on Defendant PrinterOn to show that Plaintiff Dreni did not return the electronic equipment. If you find that Plaintiff Dreni did return the computers and other electronic devices, then your verdict must be for Plaintiff Dreni. If you find that Plaintiff Dreni did not return the computers and other electronic devices, then Defendant PrinterOn is entitled to the return of those computers and other electronic devices.

Authority:      New York Pattern Jury Instructions – Civil (December 2021 Update)
                Committee on Pattern Jury Instructions Association of Supreme Court Justices
                PJI 3:10 Intentional Torts – Interference with Person or Property – Conversion –
                Wrongful Taking; Comment
                PJI 3:11 Intentional Torts – Interference with Person or Property – Conversion –

40

Wrongful Detention, Use or Disposal Where Possession Lawfully Obtained

*Reif v. Nagy*, 175 A.D.3d 107, 106 N.Y.S.3d 5 (1st Dept. 2019)

**INSTRUCTION NO. 25**
**COUNTERCLAIM – BREACH OF CONTRACT (EMPLOYMENT AGREEMENT)**

Defendant PrinterOn is suing Plaintiff Dreni via counterclaim for breach of his Employment Agreement. Defendant PrinterOn hired Plaintiff Dreni on June 22, 2012, and the parties executed the Employment Agreement. Defendant PrinterOn terminated Plaintiff Dreni on January 4, 2018.

Defendant PrinterOn claims that immediately upon termination, it paid Plaintiff Dreni a lump sum severance payment of $155,769.23 and that as a condition of receiving such payment, Plaintiff Dreni was obligated to sign and return a Waiver and General Release of claims against Defendant PrinterOn. Defendant PrinterOn claims that Plaintiff Dreni's failure to sign and return the Waiver and General Release of claims against Defendant PrinterOn constituted a breach of the Employment Agreement. Defendant PrinterOn further claims Plaintiff Dreni breached the Employment Agreement by failing to return the equipment listed in the Termination Letter. Finally, Defendant PrinterOn claims Plaintiff Dreni breached the Employment Agreement by acting as a managing member of Skypoint Advisors. Plaintiff Dreni denies breaching the Employment Agreement and further claims he was not obligated to sign and return a Waiver and General Release as payment of any applicable outstanding commissions were also due on the date of termination and Plaintiff Dreni did not receive all commissions when the lump sum severance payment as deposited into his bank account without prior discussion with Defendant PrinterOn. Plaintiff Dreni also claims he returned all of the equipment and, finally, Plaintiff Dreni denies his investment with Skypoint Advisors was a breach of the Employment Agreement and was not the basis of his termination, which was not "for cause."

The question for you to decide is whether Plaintiff Dreni breached the Employment Agreement by failing to sign and return the Waiver and General Release of claims against

42

Defendant PrinterOn, by failing to return the equipment listed in the Termination Letter, and/or acting as a managing member of Skypoint Advisors. If you decide that Plaintiff Dreni did not breach the Employment Agreement by failing to sign and return the Waiver and General Release of claims against Defendant PrinterOn, by failing to return the equipment listed in the Termination Letter, and/or by acting as a managing member of Skypoint Advisors, then you will find for the plaintiff and proceed no further. If you decide that Plaintiff Dreni did breach the Employment Agreement by failing to sign and return the Waiver and General Release of claims against Defendant PrinterOn, by failing to return the equipment listed in the Termination Letter, and/or acting as a managing member of Skypoint Advisors, then you will find that there was a breach of the Employment Agreement and proceed to decide the amount of damages.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 4:20.5 Contracts – Damages – Generally [Supplemental Instruction]
PJI 4:21 Contracts – Breach of Employment Contract and Damages

**INSTRUCTION NO. 26**
**COUNTERCLAIM – BREACH OF CONTRACT (EMPLOYMENT AGREEMENT) –**
**DAMAGES**

My charge to you on the law of damages must not be taken as an indication that you should find for the defendant. You will decide on the evidence presented and the rules of law that I have given you whether the Defendant PrinterOn is entitled to recover from the Plaintiff Dreni. Only if you decide that there has been a breach of the Employment Agreement will you consider the following measure of damages.

When there has been a breach of an Employment Agreement, the employer is entitled to recover the amount of severance payment paid to the former employee plus additional costs.

There is no dispute that Plaintiff Dreni's employment ended on January 4, 2018. Under Article 4.3 of the Employment Agreement, the employee's receipt of "any amounts . . . in excess of any amounts owing to the Employee pursuant to applicable legislation and arising as a result of the termination of the Employee's employment are conditional upon the execution by the Employee of a full and final release of all claims and possible claims." Plaintiff Dreni claims he was not paid all "applicable outstanding commissions up to the date of such termination" in the severance payment as required by Article 4.1(D). If you determine that Defendant PrinterOn paid Plaintiff Dreni such amounts in accordance with Article 4.1(D) of the Employment Agreement, and Plaintiff Dreni breached the Employment Agreement by failing to sign and return a Waiver and General Release of claims, by failing to return the equipment listed in the Termination Letter, and/or by acting as a managing member of Skypoint Advisors, then you will find Plaintiff Dreni breached the Employment Agreement and Defendant PrinterOn is entitled to receive repayment for $155,769.23 plus the additional calculations I am about to explain.

Defendant PrinterOn claims that its damages consisted of additional costs as a result of the

44

delays. Plaintiff Dreni denies the Defendant PrinterOn incurred any additional costs as a result of the delays. Defendant PrinterOn has the burden of proving the amount of the additional costs it incurred as a result of the delays. If you find that Plaintiff Dreni breached the Employment Agreement, Defendant PrinterOn is entitled to repayment of $155,769.23 plus additional costs as you determine appropriate.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
              Committee on Pattern Jury Instructions Association of Supreme Court Justices
              PJI 4:20 Contracts – Damages – Generally
              PJI 4:21 Contracts – Breach of Employment Contract and Damages

**INSTRUCTION NO. 27**
**COUNTERCLAIM – BREACH OF CONTRACT (PROPRIETARY INFORMATION AGREEMENT)**

As you have heard, Defendant PrinterOn seeks to recover damages for breach of contract. Defendant PrinterOn claims that it had a contract with Plaintiff Dreni described as the Proprietary Information Agreement requiring, among other things, Plaintiff Dreni to return all electronic equipment listed in the Termination Letter, that Defendant PrinterOn did what it was required to do under the contract, and that Plaintiff Dreni breached the contract by failing to return the electronic equipment listed in the Termination Letter. Plaintiff Dreni claims he returned all the equipment and did not breach the Proprietary Information Agreement.

Defendant PrinterOn has the burden of proving, by a preponderance of the evidence, that the Proprietary Information Agreement was a valid and enforceable contract with Plaintiff Dreni requiring, among other things, that Plaintiff Dreni return all the electronic equipment listed in the Termination Agreement, that Defendant PrinterOn did what it was required to do under the contract, that Plaintiff Dreni breached the contract by not doing what he was required to do under the contract and that Defendant PrinterOn sustained damages because of Plaintiff Dreni's breach.

If you decide that the Proprietary Information Agreement was a valid and enforceable contract obligating Plaintiff Dreni to return all the electronic equipment listed in the Termination Letter, and that Defendant PrinterOn did what it was required to do under the contract, and that Plaintiff Dreni breached the contract by failing to return the equipment, you will find for Defendant PrinterOn on its breach of contract counterclaim and you will go on to consider Defendant PrinterOn's damages. If you decide that the Proprietary Information Agreement was not a valid and enforceable contract, the Proprietary Information Agreement did not require Plaintiff Dreni to return any equipment, or Plaintiff Dreni did, indeed, return the equipment listed in the Termination

46

Letter, you will find for Plaintiff Dreni on the Defendant PrinterOn's breach of contract counterclaim.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 4:20.5 Contracts – Damages – Generally [Supplemental Instruction]
PJI 4.21 Contracts – Breach of Employment Contract and Damages

**INSTRUCTION NO. 28**
**COUNTERCLAIM – BREACH OF CONTRACT (PROPRIETARY INFORMATION AGREEMENT) – DAMAGES**

My charge to you on the law of damages must not be taken as a suggestion that you should find for Defendant PrinterOn. It is for you to decide on the evidence presented and the rules of law I have given you whether Defendant PrinterOn is entitled to recover from Plaintiff Dreni for allegedly breaching the Proprietary Information Agreement.

Defendant PrinterOn claims that its damages consisted of costs due to Plaintiff Dreni's failure to return the equipment. Plaintiff Dreni denies that Defendant PrinterOn incurred any costs due to Plaintiff Dreni's failure to return the equipment. Defendant PrinterOn has the burden of proving the amount of the expenses it incurred due to Plaintiff Dreni's failure to return the equipment. If you find that Plaintiff Dreni breached the Proprietary Information Agreement by failing to return the equipment, Defendant PrinterOn is entitled to costs as you determine appropriate.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
                  Committee on Pattern Jury Instructions Association of Supreme Court Justices
                  PJI 4:20.5 Contracts – Damages – Generally [Supplemental Instruction]
                  PJI 4.21 Contracts – Breach of Employment Contract and Damages

48

**INSTRUCTION NO. 29**
**COUNTERCLAIM – UNJUST ENRICHMENT**

As you have heard, Defendant PrinterOn claims that Plaintiff Dreni was unjustly enriched at Defendant PrinterOn's expense in that Plaintiff Dreni received a lump sum severance payment of $155,769.23 without executing the Waiver and General Release of claims and without returning the Defendant PrinterOn's equipment as required by the Employment Agreement. Plaintiff Dreni denies Defendant PrinterOn's claims and contends he was not obligated to execute the Waiver and General Release of claims, and he returned Defendant PrinterOn's equipment.

Unjust enrichment occurs when one person has obtained money, property, or a benefit from another person or entity under such circumstances that, in fairness and good conscience, the money, property, or benefit should not be retained. In those circumstances, the law requires that person to repay, return to or compensate the other person or entity.

Defendant PrinterOn has the burden of proving that Plaintiff Dreni was unjustly enriched at Defendant PrinterOn's expense by receiving a lump sum severance payment of $155,769.23 without executing the Waiver and General Release of claims and failing to return the Defendant PrinterOn's equipment as required by the Employment Agreement. If you decide that Plaintiff Dreni was not obligated to execute the Waiver and General Release of claims and returned Defendant PrinterOn's equipment, you will find for Plaintiff Dreni. If you decide that Plaintiff Dreni was unjustly enriched at Defendant PrinterOn's expense by receiving a lump sum severance payment of $155,769.23 without executing the Waiver and General Release of claims and failing to return the Defendant PrinterOn's equipment as required by the Employment Agreement, you will find that Plaintiff Dreni is liable to Defendant PrinterOn and you will go on to consider the value of the lump sum severance payment and unreturned equipment Plaintiff Dreni obtained.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)

Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 4:2 Contracts – Quasi Contract – Restitution – Unjust Enrichment

**INSTRUCTION NO. 30**
**COUNTERCLAIM – BREACH OF GOOD FAITH AND FAIR DEALING**

As you have heard, Defendant PrinterOn also seeks to recover damages for breach of the covenant of good faith and fair dealing. Within every contract is an implied covenant of good faith and fair dealing. The implied covenant embraces a pledge that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. The covenant of good faith and fair dealing is breached when a party acts in a manner that deprives the other party of the benefits of the agreement. Where the contract contemplates the exercise of discretion, the implied covenant includes a promise not to act arbitrarily, irrationally, or in bad faith in exercising that discretion. To establish a breach of the implied covenant, Defendant PrinterOn must allege facts that tend to show that Plaintiff Dreni sought to prevent performance of the contract or to withhold its benefits from Defendant PrinterOn.

Defendant PrinterOn claims that its Employment Agreement with Plaintiff Dreni required that Plaintiff Dreni refrains from engaging in any other gainful occupation or undertaking of any other business during his employment with Defendant PrinterOn; and that upon his termination he was to return all Defendant PrinterOn electronic equipment; and upon receipt of a severance payment he was to execute and Waiver and General Release, that Defendant PrinterOn did what it was required to do under the Employment Agreement, and that Plaintiff Dreni breached the covenant of good faith and fair dealing by working as a managing member of Skypoint Advisors during the time he was employed by Defendant PrinterOn, that upon his termination he received a severance payment and did not execute a Waiver and General Release, and that he did not return Defendant PrinterOn electronic equipment to Defendant PrinterOn. Plaintiff Dreni denies breaching the covenant of good faith and fair dealing and further claims he was not obligated to sign and return a Waiver and General Release as payment of any applicable outstanding

51

commissions were also due on the date of termination and Plaintiff Dreni did not receive all commissions when the lump sum severance payment was deposited into his bank account without prior discussion with Defendant PrinterOn. Plaintiff Dreni also claims he returned all the equipment and, finally, Plaintiff Dreni denies his investment with Skypoint Advisors was a breach of the covenant of good faith and fair dealing and was not the basis of his termination which was not "for cause." Plaintiff Dreni claims that he acted in good faith and dealt with Defendant PrinterOn fairly.

Defendant PrinterOn claims that it acted in good faith and dealt with Plaintiff Dreni fairly.

Defendant PrinterOn has the burden of proving, by a preponderance of the evidence, that the Employment Agreement with Plaintiff Dreni required that Plaintiff Dreni refrain from engaging in any other gainful occupation or undertaking of any other business during his employment with PrinterOn; and that upon his termination he was to return all Defendant PrinterOn electronic equipment; and upon receipt of a severance payment he was to execute a Waiver and General Release, and that Plaintiff Dreni breached the covenant of good faith and fair dealing by working for Skypoint Advisors, by failing to return the electronic equipment and failing to sign a Waiver and General Release upon his termination, and that Defendant PrinterOn sustained damages because of Plaintiff Dreni's breach.

If you decide that Defendant PrinterOn's Employment Agreement with Plaintiff Dreni required that Plaintiff Dreni refrain from engaging in any other gainful occupation or undertaking of any other business during his employment with Defendant PrinterOn; and that upon his termination he was to return all Defendant PrinterOn electronic equipment; and upon receipt of a severance payment he was expected to execute a Waiver and General Release, and that Plaintiff Dreni breached the covenant of good faith and fair dealing by working for Skypoint Advisors, by

52

failing to return electronic equipment and failing to sign a Waiver and General Release upon his termination, then you will find for Defendant PrinterOn on its breach of the covenant of good faith and fair dealing claim, and you will go on to consider Defendant PrinterOn's damages.

If you decide that Plaintiff Dreni did not engage in any other gainful occupation or undertaking of any other business during his employment with Defendant PrinterOn; and that upon his termination, he returned all Defendant PrinterOn electronic equipment; and upon receipt of a severance payment, he did not have to execute a Waiver and General Release, and Plaintiff Dreni did not breach the covenant of good faith and fair dealing, you will find for Plaintiff Dreni.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
Committee on Pattern Jury Instructions Association of Supreme Court Justices
PJI 4:1 Contracts – Elements; Comment Section Z: Implied Covenant of Faith and Fair Dealing

*511 West 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 746 N.Y.S.2d 131, 773 N.E.2d 496 (2002)
*Paramax Corp. v. VoIP Supply, LLC*, 175 A.D.3d 939, 107 N.Y.S.3d 231 (4th Dept. 2019)
*6243 Jericho Realty Corp. v. AutoZone, Inc.*, 71 A.D.3d 983, 898 N.Y.S.2d 171 (2d Dept. 2010)
*Dalton v. Educational Testing Serv.*, 87 N.Y.2d 384, 639 N.Y.S.2d 977, 663 N.E.2d 289 (1995)
*Aventine Inv. Management, Inc. v. Canadian Imperial Bank of Commerce*, 265 A.D.2d 513, 697 N.Y.S.2d 128 (2d Dept. 1999).

**INSTRUCTION NO. 31**
**AFFIRMATIVE DEFENSES TO COUNTERCLAIMS – GENERALLY**

Plaintiff Dreni also asserts what are called "affirmative defenses." If a party proves any of these defenses as to the other party's claims, then that claim must fail.

Authority:     No citation

**INSTRUCTION NO. 32**
**AFFIRMATIVE DEFENSE TO COUNTERCLAIMS – NO RELEASE**

Plaintiff Dreni contends he did not release any claims, that he did not sign the Waiver and General Release, because the severance payment which was deposited directly into his account was less than what Plaintiff Dreni was owed under the Employment Agreement, and that payment of all the amounts due, including any outstanding commissions, was a condition precedent for the execution of the Wavier and General Release. Plaintiff Dreni further claims that he was not provided a Waiver and General Release to sign before the lump sum severance payment was deposited directly into his account without any discussion between Plaintiff Dreni and Defendant PrinterOn.  If you find the Plaintiff Dreni did sign a Waiver & General Release, and that Plaintiff Dreni failed to establish he was still owed payments, outstanding commissions and any amounts due, then you may return your verdict in favor of Defendant PrinterOn on the breach of contract counterclaim.

Authority:   New York Pattern Jury Instructions – Civil (December 2021 Update)
              Committee on Pattern Jury Instructions Association of Supreme Court Justices
              PJI 4:1 Contracts – Elements

**INSTRUCTION NO. 33**
**AFFIRMATIVE DEFENSE TO COUNTERCLAIMS – NO ABANDONMENT**

Plaintiff Dreni contends a waiver of a contractual provision requires the knowing, voluntary and intentional abandonment of a known right, and Defendant PrinterOn's deposit of a lump sum severance payment into his account, without prior discussion between Plaintiff Dreni and Defendant PrinterOn or first providing the Waiver and General Release prior to making the lump sum direct deposit, was not an affirmative, voluntary or intentional abandonment by Plaintiff Dreni.

Authority:    New York Pattern Jury Instructions – Civil (December 2021 Update)
              Committee on Pattern Jury Instructions Association of Supreme Court Justices
              PJI 4:1 Contracts – Elements

**INSTRUCTION NO. 34**
**AFFIRMATIVE DEFENSE TO COUNTERCLAIMS – BREACH OF CONTRACT**

If you find Defendant PrinterOn materially breached the Employment Agreement, then you must determine the amount of Plaintiff Dreni's damages. You must place Plaintiff Dreni in the same position as if the Employment Agreement had not been breached. The Defendant PrinterOn may recover those damages naturally arising from breach of the Employment Agreement.

Authority:    Federal Jury Practice and Instructions (August 2021 Update)
              Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee
              Section 126.07 – Breach of Contract – Damages

**INSTRUCTION NO. 35**
**AFFIRMATIVE DEFENSE TO COUNTERCLAIMS – MITIGATION**

Defendant PrinterOn has a duty to use reasonable efforts to reduce or minimize the damages. But there's no requirement that Defendant PrinterOn in doing that accept the risk of additional loss in an effort to reduce damages. The burden is on Plaintiff Dreni to prove that any damages or loss to the Defendant PrinterOn attributable to any breach of contract by Plaintiff Dreni should have been minimized by some reasonable effort on the part of the Defendant PrinterOn.

Authority:    Federal Jury Practice and Instructions (August 2021 Update)
             Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee
             Section 126.08 – Mitigation of Damages

Dated: November 14, 2022
    New York, NY


NESENOFF & MILTENBERG LLP          FAEGRE DRINKER BIDDLE & REATH LLP


By: _/s/ Nicholas E. Lewis_          By: _____/s/ Tracey Salmon-Smith_____
    Nicholas E. Lewis, Esq.              Tracey Salmon-Smith, Esq.

363 Seventh Avenue, 5th Floor          1177 Avenue of the Americas, 41st Floor
New York, New York 10001-3904          New York, New York 10036-2714
Tel: (212) 736-4500                    Tel: (212) 248-3254
Fax: (212) 736-2260                    Fax: (212) 248-3141
nlewis@nmllplaw.com                    tracey.salmonsmith@faegredrinker.com

*Attorney for Plaintiff Denis Dreni*   *Attorney for Defendant*
                                       *PrinterOn America Corporation*

59